STATE *ex rel.* FRED HORNE, *et al.*

*v.*

JACK R. ADAMS, *et al.*, COUNCILMEN OF THE CITY OF WHEELING, *a municipal corporation*

(No. 12941)

Submitted May 6, 1970.                    Decided June 16, 1970.

*Schmidt, Laas, Schrader & Miller, Frederick P. Stamp, Jr., Arthur M. Recht,* for relators.

*George G. Bailey, George B. Vieweg, III,* for respondents.

BERRY, JUDGE:

This original proceeding in mandamus was instituted in this Court by the petitioners, Fred Horne, Howard L. Posin and Charles C. Woods, Jr., as citizens, taxpayers and voters of the City of Wheeling, West Virginia, on March 10, 1970 against the respondents, Jack R. Adams, Oscar G. Ebeling, Cecil L. Hedrick, Peter J. Karnell, Frank P. McKown, Fred A. Meredith, William E. Nelson, James L. Rogers and Walter W. Wolzak, members of the Council of the City of Wheeling,

a municipal corporation, seeking to compel them to enter an order or adopt an ordinance providing for the holding of an election in the City of Wheeling to submit to the voters questions connected with the contracting of debt and the issuing of bonds for the purpose of acquiring land for and the construction of and equipping a municipal auditorium building in said City, pursuant to Chapter 13, Article 1, of the West Virginia Code.

A rule in mandamus was awarded by this Court on March 16, 1970 returnable May 5, 1970 to show cause why the prayer of the petitioners should not be granted. The case was submitted for decision on arguments and briefs on the return day of the rule.

It appears from the pleadings in this case that a petition purporting on its face to be under Section 11 of the Charter of the City of Wheeling was filed January 17, 1969 with the respondents with approximately 4,000 signatures of qualified voters of the City of Wheeling, which exceeded the required ten per cent of qualified voters of the city as specified by its charter. However, the required number of signatures was not certified by the city clerk as sufficient until January 28, 1969. The petition filed with the respondents required an ordinance to be adopted by council or voted upon by the people directing the city solicitor to draw up another ordinance submitting the bond issue in question to the voters of the City of Wheeling at a special election to be held on February 11, 1969. The first meeting of the council, after the required number of signatures had been certified as existing on the petition, was February 11, 1969 at which time the respondents adopted the ordinance requested in the petition without change as required by the city charter, all of which was a nullity, because the special city election obviously could not be held on the same day the ordinance was adopted.

Notwithstanding the fact that the petition filed with the respondents clearly stated it was filed under Section 11 of the city charter, an attorney for the petitioners appeared before the city council and indicated that the petition should

be processed under Code, Chapter 13, Article 1, as amended, a general law which provides for submitting bond issues to vote, but with procedure differing considerably from the Wheeling Charter method.

The petition in mandamus filed in this Court proceeds entirely on the premise that the relief asked for before the city council by the original petition, which is filed with and made a part of the petition as Exhibit A, was instituted under the provisions of Code, 13-1-4, as amended, and that the respondents had no choice but to hold a city election as required by the Code.

The petition filed with the city council does not in any manner refer to or mention Code, Chapter 13, Article 1, as amended, but plainly states on its face that it was submitted in accordance with Section 11 of the Charter of the City of Wheeling, and that a sufficient number of qualified voters in order to comply with the charter had signed the petition filed with the council, and requested that an ordinance be adopted by the council, or that if it did not adopt the ordinance, then to submit the ordinance to the voters. The ordinance requested by the petition was contained in the petition and it provided that the city solicitor prepare and submit to the council for passage another ordinance "* * * providing for the issuance of general obligation bonds in an amount when added with funds now obligated by the United States of America will be sufficient to provide for the acquisition of land and the construction and equipment of a municipal auditorium building * * *."

A demurrer and an answer were filed by the respondents to the petition. The demurrer states that the petition is not sufficient in law, because it does not show a clear legal right to the relief requested by the petitioners or a clear legal duty of the respondents to do what the petition in mandamus seeks to compel them to do.

The answer filed by the respondents in effect says that the respondents did comply with the request contained in the petition filed with them and did pass the ordinance in

the manner provided in said petition, and that the petition filed with them was not intended to be under the state law since it clearly referred to the city charter, but that even if the petition had been filed under the state law it did not comply with the law inasmuch as it failed to state the purpose and amount of the bonds to be issued, as required by the statute. The answer further states that two similar proposals had been defeated by the voters of the City of Wheeling in 1966 and 1967. Section 11 of the city charter which is set forth in the respondents' answer provides that ten per cent of the qualified voters of the city may by petition initiate an ordinance which if certified in proper form shall require the council to either pass the ordinance without alteration or submit it to the people. The council must pass the ordinance within twenty days or the election must be held within ninety days either at a special election or combined with a primary or general election if one is to be held within the ninety days.

After the petition was filed and acted upon, the respondents filled vacancies on the Municipal Auditorium Board and on December 16, 1969 the Board made a report after proper investigation showing the approximate cost and possible location and other matters relating to the construction of the municipal auditorium for the City of Wheeling, and it did not appear until that time that the cost to the city for such auditorium would be about $2,200,000. The council directed the city solicitor to proceed with the preparation of a bond ordinance and the record shows that the solicitor was still of the opinion that he was proceeding under the city charter. On January 13, 1970 the solicitor presented the bond ordinance to the council calling for $2,200,000 of general obligation bonds, which ordinance was fully considered by the city council and disapproved on February 17, 1970, after which this proceeding was instituted.

Code, 13-1-4, as amended, referred to herein, provides that a governing body, if petitioned to do so by legal voters equal to twenty per cent of the votes cast in the last election in any political division, shall by order entered of record provide for an election to determine if bonds shall be issued for the acquirement, improvement and construction of public

structures. It is specifically required that the petition filed initially under this procedure must state the purpose and amount of the bonds and the election under the state law, if not designated in the petition to be held at a general or primary election, must be held at a special election within sixty days from the filing of such petition. The petition involved in this proceeding filed before the City Council of Wheeling did state the purpose for the issuance of the general obligation bonds as one to provide for the acquisition of land and the construction of the municipal auditorium building, but did not state any definite amount for the proposed bond issue. The "amount" contained in the proposed ordinance in the petition was worded as being the amount of the city funds which when added with funds obligated by the United States would be sufficient to provide for the acquiring of the land and erecting the auditorium. The amount of the bond issue necessary was never ascertained until over a year after the petition was filed.

It is true that mandamus is the proper remedy to compel an election by the city council. *State ex rel. Plymale v. Garner*, 147 W.Va. 293, 128 S.E.2d 185. It was held in the *Plymale* case that where the city council either refuses to adopt an ordinance or submit it to a vote, mandamus will lie to compel the council to submit the proposed ordinance to a vote at a general or special election. In the case of *Bachmann v. Goodwin*, 121 W.Va. 303, 3 S.E.2d 532, which involved Section 11 of the same city charter under which the original petition was filed with the City Council of Wheeling in the case at bar, it was held that mandamus would lie to compel an election where the council refused to either adopt the ordinance or submit it to a vote. The syllabus of the *Bachmann* case reads as follows: "Under Section 11, Part I of the charter of the City of Wheeling (Chapter 141, Acts of the Legislature, Regular Session 1935), an ordinance submitted by petition signed by the requisite number of voters, proposing the repeal of a former ordinance adopted by the council of the city, should, if not adopted by the council without alteration, be submitted to a vote of the people in the manner provided for in said section." In that case this Court required

the city council to hold an election under the city charter as requested in the ordinance proposed, without alteration. In the case at bar the petitioners presented the petition to the city council as in the *Bachmann* case but now come to this Court demanding that the city council act under the state law. It does not appear from the record in the instant case that the respondents were requested by petition to hold an election under the state law, which is Code, 13-1-4, as amended.

It was held in the case of *State ex rel. Waller Chemicals, Inc. v. McNutt*, 152 W.Va. 186, 160 S.E.2d 170, that as a general rule a request for the act or performance of the duty desired must be made before instituting a proceeding in mandamus. Syllabus 4 of the *Waller* case as taken from point 1 of the syllabus of the case of *Carter v. City of Bluefield*, 132 W.Va. 881, 54 S.E.2d 747, is in the following language: "As a general rule, the petitioner, before instituting a proceeding in mandamus, must demand performance of the act or the duty which he seeks to enforce; but when it appears that a demand would be useless or unavailing it need not be made." It therefore appears that the petitioners do not have a clear legal right to the relief sought in the instant case.

It was held in point 1 of the syllabus in the case of *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367, that: "Petitioners in mandamus must have a clear legal right to the relief sought therein and such right cannot be established in the proceeding itself."

Even if the petition filed with the city council could be considered under the state law, Code, 13-1-4, as amended, it does not comply with the statute inasmuch as no specification of the amount of the bonds to be issued and voted upon is contained in the petition as is required under the state law. Therefore, the city council would, on account of this, be justified in refusing to submit such ordinance to the voters of the City of Wheeling.

For the reasons set out herein, the demurrer of the respondents is sustained and the writ prayed for is denied.

*Writ denied.*