STATE *ex rel.* ANNA MAE ELLIOTT *and* MARTIN D. REITER

*v.*

JACK R. ADAMS, *et al.*, COUNCILMEN OF THE CITY OF WHEELING, *etc.*

(No. 13051)

Submitted April 20, 1971.          Decided May 25, 1971.

*Schmidt, Laas, Schrader & Miller, Arthur M. Recht,* for relators.

*George G. Bailey, George B. Vieweg, III,* for respondents.

BROWNING, JUDGE:

This is an original proceeding in mandamus instituted by Anna Mae Elliott and Martin D. Reiter, relators, against Jack R. Adams, Oscar G. Ebeling, Cecil L. Hedrick, Peter J. Karnell, Frank P. McKown, Fred A. Meredith, William E. Nelson, James L. Rogers, and Walter W. Wolzak, members of the Council of the City of Wheeling, West Virginia, respondents.

On December 8, 1970, relators and others signed and delivered to respondents a petition requesting that an election be held to determine if the City of Wheeling should contract a debt and issue general obligation bonds in the amount of $2,400,000.00 for the purpose of acquiring land and constructing a municipal auditorium building. An ordinance directing this was submitted to a vote by the City Council and was defeated by a majority. The relators maintain that under Code, 3-11-1 *et seq.,* as amended, respondents have the mandatory duty to adopt this ordinance.

From the answer of respondents it appears that on February 9, 1966, the City of Wheeling filed an application with the Economic Development Administration of the United States Department of Commerce to obtain federal funds for acquiring the land and constructing the auditorium pursuant to a resolution of city council. On June 7, 1966, the sum of $1,832,500.00 was granted by the government for this purpose and accepted by resolution of council. On November 8, 1966, and June 6, 1967, special

elections were held to authorize the issuance of general obligation bonds in sufficient amount to finance the cost of the auditorium in excess of the federal grant. The question was defeated at both elections.

Thereafter, petitions were filed requesting that city council adopt an ordinance requiring the issuance of general obligation bonds in an indefinite amount. Council refused to adopt such an ordinance, and in the case of *State ex rel. Horne* v. *Adams,* 154 W.Va. 269, 175 S.E.2d 193 (1970), decided June 16, 1970, this Court denied a writ of mandamus to compel these respondents to hold a special election for this purpose.

On February 17, 1970, the question was again presented to the voters, and again failed to secure enought votes for passage. Council then informed the Economic Development Administration that it was withdrawing the city's application for the federal funds. By telegram and letter, Honorable James L. Rogers, Mayor of the City of Wheeling, also advised the government agency that the city would not be utilizing the grant. On October 27, 1970, pursuant to a request of the Economic Development Administration, the city council adopted a resolution officially withdrawing the application for the grant. Respondents now allege that there is no federal grant in existence with which to finance the auditorium construction.

By way of replication, relators maintain that by letter of January 29, 1971, from Pat Choate, Regional Director of the Economic Development Administration, it is apparent that no further action would be taken by him concerning the withdrawal of the city's application for a period of sixty days from that date pending this litigation. Thus, relators contend the money is still available.

On January 25, 1971, we granted the rule returnable in this case on February 2, 1971, at which time it was continued to April 20, 1971. On that day, the case was submitted for decision upon all the aforementioned papers, pleadings, exhibits, briefs and oral argument of counsel.

Code, 13-1-4, as amended, insofar as pertinent, provides that:

> * * * The governing body of any political division referred to in this article may, and when requested so to do by a petition in writing, praying that bonds be issued and stating the purpose and amount thereof, signed by legal voters of the political division equal to twenty per cent of the votes cast in a county or magisterial district for governor, or in a municipal corporation or school district for mayor or member of the board of education, as the case may be, *shall,* by order entered of record, direct that an election be held for the purpose of submitting to the voters of the political division all questions connected with the contracting of debt and the issuing of bonds. * * * (Emphasis added.)

It is not denied by counsel for the respondents in brief or argument that the number of valid signatures on the petition complied with this section of the statute. This Court held in *State ex rel. Plymale* v. *Garner,* 147 W.Va. 293, 128 S.E.2d 185 (1962), that when the requisite number of signatures is contained upon a valid petition, mandamus will lie to compel the council to submit the question to the voters at an election where the council has refused to adopt such ordinance or submit such question to the voters of the municipality. Therefore, it is well established that mandamus is the proper remedy, and many other cases could be cited to the same effect. In *State ex rel. Wells* v. *City of Charleston,* 92 W.Va. 61, 114 S.E. 382 (1922), this Court held that mandamus would lie to require the council of the City of Charleston, upon the filing of a proper petition, to submit the question to the voters of the City "[e]ven though such ordinance, if passed, would carry with it fatal infirmities, it would go into operation, if adopted, and become legally advantageous to the relators in mandamus."

It is evident that this Court has determined that the statute is clear and unambiguous, and, where a valid petition is submitted to a city council in a proper case, that body has a mandatory duty to submit the question to the

voters of the city in accordance with the provisions of Code, 13-1-4, as amended. The *Horne* case is easily distinguishable from the case at bar because the petition in that case submitted to the city council contained "no specification of the amount of the bonds to be issued and voted upon . . . as is required under the state law."

Also of importance in the decision of this case is this Court's view that council did not escape its mandatory duty by its action in adopting a resolution withdrawing the city's application for the grant from the Economic Development Administration of the United States Department of Commerce to supplement the sum attempted to be raised in previous elections by the approval of bond issues, all of which, as heretofore noted, were defeated. Whether or not the federal money is now available, the city council has the mandatory duty to comply with the statute.

In view of the mandatory language of the statute and the previous decisions of this Court, the writ of mandamus prayed for is granted.

<div align="right">

*Writ granted.*