# CHARLESTON.

STATE *ex rel* R. M. WELLS *v*. CITY OF CHARLESTON *et als.*

Submitted October 3, 1922.    Decided October 17, 1922.

1. CONSTITUTIONAL LAW—*Courts Cannot Directly Interfere With Exercise of Legislative Power.*

     Legislative power, wherever vested, is sovereign in its nature and belongs to the political department of government; wherefore the courts cannot directly interfere in any way with the exercise thereof. (p. 64).

2. SAME—*Initiative and Referendum Vested in Voters of Political Division to Which Provisions Apply.*

     Under valid initiative and referendum provisions of law, whether constitutional or statutory, such power is vested in the voters of the political division to which such provisions apply. (p. 64).

3. MANDAMUS—*Courts May Intervene to Compel Officials Withholding Rights of Initiative and Referendum to Perform Ministerial Acts Required by Law.*

     One of the vital elements of such power is the right of those possessing it to exercise it; and courts may intervene for re-

lief of its possessors, against officers and tribunals attempting to withhold, deny or thwart it, by refusal to perform ministerial acts devolved upon them by law, by way of essential preliminary provision for the exercise thereof. (p. 65).

4.    SAME—*Lies to Compel Calling of Election on Question of Adoption of Ordinance.*

A city council acting under a charter requiring them to pass an ordinance proposed to them for passage, by petition of a prescribed number of voters of the city, within a specified time, or submit the question of its adoption to the voters, at an election to be called for the purpose, cannot refuse to call such election and submit such question, if the proposal is properly made, upon the ground that the ordinance, if passed, would be invalid, and mandamus lies in such case to compel the calling of such election and submission of such question. (p. 66).

5.    SAME—*Mandamus to Require City Council to Submit Question of Ordinance to Vote Does Not Interfere Directly or Control Legislative Action.*

The calling of such an election and submission of such question are ministerial duties, not in any sense legislative; wherefore the award of mandamus to require the council to perform them, does not interfere with, direct or control legislative action. It merely clears the way for installation of the legislative body, the voters of the city in election. (p. 65).

6.    SAME—*Possible Invalidity of Proposed Ordinance Not Ground for Denial of Mandamus to Compel Submission to Voters.*

Even though such ordinance, if passed, would carry with it fatal infirmities, it would go into operation, if adopted, and become legally advantageous to the relators in mandamus. (p. 65).

Action by the State, on the relation of R. M. Wells, against the City of Charleston and others, for mandamus requiring the Mayor and City Council to call a special election to submit to the voters the question of the adoption of an amendment to an ordinance.

*Writ awarded.*

*Camp & Lilly,* for relator
*Donald O. Blagg,* for respondents.

POFFENBARGER, PRESIDENT:

Under the referendum provision of the charter of the City of Charleston, the relator and 1,731 other voters of said city, on whose behalf as well as in his own right, he instituted this proceeding, seek a writ of mandamus requiring the mayor and council of the city, to call a special election and submit to the voters of the city, at such election, the question of the adoption of an amendment of an ordinance relating to the granting of permits for the operation of motor and other vehicles kept for hire, over and upon the streets, avenues, alleys and other public ways of the city; the amendment desired having been proposed in such manner and for such time, as to make it the duty of the council to pass it or submit the question of its adoption to the voters, provided it is of such character as to entitle the petitioners to have such action upon it. The only defense interposed by the respondents is alleged lack of such character in the proposed amendment.

The existing ordinance amendment of which is desired substantially embodies the provisions of sec. 82 of ch. 112 of the Acts of 1921, applicable to Class I vehicles. If amended agreeably to the proposal, it would dispense with the necessity of designation of routes and termini in applications for such permits, relieve from the provision inhibiting changes of routes and schedules without permission of the council, and require issuance or allowance of all permits applied for.

Amendment of the ordinance by the council, in the manner proposed, might involve abdication of the power and jurisdiction vested in it by the charter, to exercise a sound and reasonable discretion, in the granting and refusal of licenses and in regulations respecting the use of the streets, avenues, alleys and public ways of the city. It might also be inconsistent with the general statute applicable to the subject matter. But, as to these matters, we express no opinion, since it is obvious to us that the initiative and referendum statute is mandatory in its requirements of the mayor and council, when properly invoked. Its terms are clearly mandatory. The action of the mayor and council in refusing compliance

therewith seems to be based upon a claim of implied excep-
tion from the scope and operation of the terms.   Such an
exception must be founded upon some well recognized prin-
ciple or rule of public policy, conflict with the constitution
or innovation upon some system of law only incidentally and
remotely connected with the subject matter of the statute
under construction.   *Coal & Coke Ry. Co.* v. *Conley and Avis,*
67 W. Va. 129, 165.   No such ground is perceived here.

On the contrary, the subject matter of the statute is legis-
lation which belongs exclusively to the political department
of government, and with which courts never interfere di-
rectly.   Courts may be appealed to for protection of personal
and property rights against invasion attempted under un-
constitutional acts or acts void for other reasons, but they
never interpose their powers to prevent, compel or direct the
passage of laws.   They deal with them only after the process
of enactment has been completed and upon invocation of
their powers for protection against restraint or invasion of
right, attempted by enforcement of the illegal or void act.
The strictness of this rule is indicated and illustrated by the
proposition that no person can appeal to the courts, for avoid-
ance of a law, on the ground of unconstitutionality, unless
he has an interest of some kind which is about to be in-
juriously affected by the act.   *State ex rel. Dillon* v. *County
Court,* 60 W. Va. 339.   It is emphasized by the proposition
that a court will never declare a statute unconstitutional, in
the disposition of litigation, unless such action is necessary.
If a case can be disposed of upon some other ground, the
court cannot reach the constitutional question.   *Edgell* v.
*Conaway,* 24 W. Va. 747; *Shepherd* v. *Wheeling,* 30 W. Va.
479; *Rutter* v. *Sullivan,* 25 W. Va. 427.

That the legislative power involved here is vested in the
mayor and council and citizens of the city of Charleston does
not change its character.   It is just as free from judicial in-
terference as if it remained in the Legislature.   It is still a
part of the sovereign power.   *State ex rel.* v. *Gates,* 190 Mo.
540; *Jones* v. *Loving,* 55 Miss. 109; *County Com'rs.* v.
*Duckett,* 20 Md. 468; *Baker* v. *State,* 27 Ind. 485; McQuillen,

Mun. Cor. sec. 703-4.  Under the charter of the City of Charleston, the voting citizens through the initiative and referendum provision, are clothed with legislative power, as well as the council.  In their hands, it has the same qualities and characteristics as it has in representative bodies.  Among these qualities is the right to exercise it, upon compliance with the preliminary requirements necessary to its acquisition.  That right in the Legislature is beyond control by any court.  It inheres in legislative power whenever and wherever it is vested in an inferior body by delegation.

Award of the writ applied for in this case will not violate the fundamental principle just alluded to.  It will not compel legislation by the council or voters.  It will simply require the mayor and council to perform the ministerial function of calling an election and submitting to the voters, as legislators, the question of the adoption of the ordinance.  It will require performance of ministerial duties incident to the convening of the popular legislature of the city.  The mayor and council are attempting to prevent it from meeting, by refusal to perform acts the charter mandatorily requires them to perform.  In awarding the writ, this court will neither prevent, compel nor direct legislation.  The effect of it will be only admission of the legislators to their offices *en masse*.

It might be argued here that, as the ordinance might be void, if passed, the court may inquire as to its validity, as proposed, and, finding it would be void, deny the writ upon the ground that its award would be fruitless of benefit to the relators, under the rule enunciated in *Hall* v. *Staunton*, 55 W. Va., 684.  But this position, if taken, would be clearly untenable.  A legislative act, though void, takes effect, goes into operation and operates until it is declared void by some court, upon a proper application.  This ordinance, if adopted, may operate without objection from any one, even though affected with infirmities of such character as would render it impeachable.  Upon constitutional grounds, some statutes are voidable rather than void.  Until declared void, they always operate.  Hence, it is clear that the relators may obtain the

operation, as well as the enactment, of the ordinance they propose.

The conclusion indicated by what has been said finds ample support in recent adjudications of the Supreme Court of Ohio. That court refuses to enjoin the submission of proposed legislation, under the initiative and referendum provisions of the Ohio Constitution and laws, on the ground that the legislation if passed, would be void. *Pfeifer* v. *Graves*, 88 O. St. 473; *Weinland* v. *Fulton*, 99 O. St. 10; *Cincinnati* v. *Hillenbrand*, 133 N. E. 556. It also compels by mandamus, performance of ministerial duties of officers, requisite to the submission of proposed legislation, withheld on the ground of invalidity of the proposed law. *State ex rel.* v. *Smith*, Secretary of State, decided Sept. 19, 1922, not yet officially reported. *State ex rel. Davis et al.* v. *City of Reno*, 36 Nev. 334, may seem to be at variance with the conclusion here foreshadowed, but, as the function involved there may have been administrative merely, not legislative, as one member of the court held, the decision is not necessarily in conflict with our views.

The only remaining argument is the expense of a possibly useless election. Luxuries are generally expensive and the promotors of the initiative and referendum provision of the charter, as well as the Legislature, must be deemed to have taken this feature of it into consideration and contemplated the expense.

For the reasons stated, the writ of mandamus will be awarded agreeably to the motion therefor.

*Writ awarded.*