STATE *ex rel.* WILLIAM SCHREYER, *et al.*

*v.*

CITY OF WHEELING AND MRS. E. T. HUGHES, *et al.*

(No. 12110)

Submitted May 23, 1961.        Decided June 20, 1961.

*Thomas B. Miller, Schmidt, Laas & Schrader,* for relators.

*George G. Bailey,* for respondents.

BERRY, JUDGE:

This is an original proceeding in mandamus instituted in this Court by the petitioners, William Schreyer, P. C. Sims, James Smith, citizens and qualified voters and electors of the City of Wheeling, Ohio County, West Virginia, against the respondents, the City of Wheeling, a municipal corporation, and Mrs. E. T. Hughes, Frank O'Brien, Jr., Harry Dailer, Charles Schenerlein, Everett W. Miller, John J. Gast, James L. Rogers, Edward W. Driehorst, Charles L. Ihlenfeld, Alvin L. Winters and J. J. Gilligan, Members of the Council for the City of Wheeling, to compel the respondents to hold a special election for the purpose of submitting a certain proposed ordinance to the voters and electors of said City.

On March 7, 1961, two ordinances providing for the demolition of the public Market House and Auditorium in the City of Wheeling were adopted by the respondents. On April 18, 1961, the petitioners, who are a part of a large class of citizens and voters of the City of Wheeling, numbering more than one thousand persons, filed with the Council of the City of Wheeling a petition signed by them, with a proposed ordinance attached to said petition. The ordinance filed with the petition would, in effect, rescind the two ordinances ordering the demolition of the Market House and Auditorium in said City, previously adopted by the City of Wheeling on March 7, 1961.

The procedure used by the petitioners in connection with this matter is in pursuance of Section 11 of the Charter of the City of Wheeling, as contained in

Chapter 141, Acts of the Legislature, Regular Session, 1935. This Section of the Charter provides that upon the presentation of a petition signed by one thousand electors of the City of Wheeling, with a proposed ordinance submitted therewith and certified to the council, as provided in Section 98 of the Charter, which was done in this case, the proposed ordinance accompanying the petition shall either be passed by the council without alteration within twenty days after the certification, or the council shall call a special election forthwith, unless a general municipal election is to be held ninety days thereafter, and submit the proposed ordinance to a vote of the people. No general municipal election was to be held within ninety days of the filing of the petition with the city council in this case, and the twenty days provided for in Section 11 of the Charter of the City of Wheeling having elapsed after the petition was filed with the city council, and the council having failed to pass the proposed ordinance or to submit it to a vote of the people in said City, the petitioners filed their petition in this Court on May 9, 1961, praying for a rule to show cause why the proposed ordinance was not adopted or submitted to a vote of the electors of the City of Wheeling.

The petitioners further prayed that upon the final hearing, a writ be issued requiring the respondents to hold a special election for the purpose of submitting said proposed ordinance to a vote of the electors of the City of Wheeling.

On May 11, 1961, a rule was awarded by this Court returnable May 23, 1961, after which an answer was filed by the respondents. Briefs were filed in behalf of both the petitioners and respondents and oral arguments had thereon.

The two ordinances passed by the city council on March 7, 1961, which gave rise to this proceeding, are numbered 2809 and 2810. The first ordinance, number 2809, contained a determination of purpose that the structure known as the Market Auditorium located be-

tween Tenth and Eleventh Street and between Market Street and Short Market Street in the City of Wheeling was no longer a suitable or proper market house for the City, that certain repairs, in order to preserve and maintain said building, were necessary to be made at a cost which could not be recovered from the tenants during a reasonable amortization period without greatly increasing rentals. Further, this ordinance made a determination that the Market Auditorium should be razed and a suitable market house erected on the southern portion of the same location, and that such portion of said land should continue to be used as the site for a market house.

The second ordinance, number 2810, authorized the city manager to enter into a contract to have the market house razed, accepting the lowest bid for such work and providing for the terms of payment thereof.

The determination of this case rests solely upon the construction of Section 11, Part I of the Charter of the City of Wheeling, which provides that any proposed ordinance may be submitted to the council by petition, as was done in the case at bar, and if the proposed ordinance is not passed by the council within the time required by said Section, it shall be submitted to a vote of the people in either a general or special municipal election. If a majority of the voters are in favor thereof, such ordinance shall become a valid and binding ordinance of the city, and any ordinance so adopted by a vote of the people cannot be repealed or amended except by a majority vote of the people.

The respondents contend that only Section 10, Part I of the Charter of the City of Wheeling can be used for such purpose as the petitioners here propose.

Section 10 is a referendum section in the City of Wheeling Charter, dealing only with certain matters relating to redistricting and annexation, and to the granting of privileges, licenses, franchises etc., to public utilities, and provides that ordinances on these topics shall not go into effect before the expiration

of thirty days after the date of passage, and not then unless publication with regard thereto is made in two newspapers in said City within two days after passage. It further provides that if a petition is filed by the required number of electors protesting passage of any such enactment, the ordinance shall either be repealed by the city council or submitted to a vote of the electors of the city for approval before it becomes effective. In other words, this Section deals with a limitation on the passage of certain ordinances named therein.

Section 11 contains broad initiative provisions for *any ordinance* to be submitted by a petition to the council, and if not adopted as offered, a vote thereon must be had.

The exact questions involved here have been previously answered by this Court in the case of *Charles F. Bachmann, et al. v. Russell B. Goodwin, et al.,* 121 W. Va. 303, 3 S.E.2d 532. The only syllabus point in that case reads as follows: "Under Section 11, Part I of the charter of the City of Wheeling (Chapter 141, Acts of the Legislature, Regular Session 1935), an ordinance submitted by petition signed by the requisite number of voters, proposing the repeal of a former ordinance adopted by the council of the city, should, if not adopted by the council without alteration, be submitted to a vote of the people in the manner provided for in said section."

The respondents recognize that this Court has passed on the questions involved in this case, but ask that this Court overrule the holding in the *Bachmann* case as being inaccurate in its application to such matters involved in such cases. It is implied that the decision in the *Bachmann* case is unsound, that in any event such proposed ordinances only apply to legislative and not administrative matters, that the ordinance in question passed by the City of Wheeling and which petitioners attempted to have rescinded by the proposed ordinance, under Section 11 of the Charter, deals with administrative matters.

It has been held that the people, through a municipal charter, have a right to vest in the voters of a municipality the authority to deal through initiative action with regard to any matter dealing with local affairs or municipal business, whether such affairs or business is legislative or administrative. 62 C.J.S., Municipal Corporations, §454 (b); *Dickson v. Hardy,* (La.) 148 So. 674; *State v. Dickson,* (La.) 150 So. 574; *Spencer v. City of Alhambra,* (Cal.) 111 P. (2d) 910. These authorities simply hold that where an ordinance is couched in the language such as contained in Section 11, Part I of the Charter of the City of Wheeling, which states that *any proposed ordinance may be submitted to a vote of the people by petition thereunder,* it "meant what it said", and should be construed literally. 62 C.J.S., Municipal Corporations, §451 (b); *State v. Dickson,* (La.) 150 So. 574.

It is true that the initiative and referendum provisions in many city charters are limited to actions which are purely legislative and do not extend to administrative matters. 62 C.J.S., Municipal Corporations, §454 (b); *Keigley v. Bench,* 97 Utah 69, 89 P. (2d) 480, 122 A.L.R. 756; *Monahan v. Funk,* 137 Ore. 580, 3 P. (2d) 778; *Whitbeck v. Funk,* 140 Ore. 70, 12 P. (2d) 1019. However, the cases dealing with the distinction between administrative and legislative matters hold that actions which relate to matters of a permanent or general character, or to ordinances making a new law are considered to be legislative, while those which are temporary in character, or the execution of a law already in existence are regarded as administrative. *Keigley v. Bench, supra; Monahan v. Funk, supra; Whitbeck v. Funk, supra.*

In the case at bar it would appear that the first ordinance, number 2809, passed by the City of Wheeling on March 7, 1961, constituted a legislative act on the part of the council, because it stated a policy, dealt with a building owned by the City, the action taken was of a permanent nature, and it was a new ordinance. These facts relating to this ordinance would

put it in the classification of a legislative act under the authorities dealing with this matter. *Keigley v. Bench, supra; Monahan v. Funk, supra; Whitbeck v. Funk, supra.*

It may be true that the second ordinance, number 2810, which authorized and directed the city manager to carry out the objective of the first ordinance, may be administrative, because the execution of the provisions of an ordinance usually amounts to an administrative act. *Keigley v. Bench, supra; Brazell v. Zeigler,* 26 Okla. 826, 110 P. 1052.

Before the *Bachmann* case was decided by this Court, it was indicated that the people or voters of a municipality had the power to compel a vote on an ordinance such as we are considering in the instant case. *State ex rel. Gabbert v. MacQueen,* 82 W.Va. 44, 95 S.E. 666; *State ex rel. Wells v. City of Charleston et als.,* 92 W.Va. 61, 114 S.E. 382. It was held in the case of *State ex rel. Wells v. City of Charleston et als., supra,* that a question as to the validity of an ordinance was not sufficient basis upon which to refuse to submit the proposed ordinance to a vote of the people.

The *Bachmann* case, which is on all fours with the case at bar, was decided by this Court twenty-two years ago. No attempt has been made to amend the Charter or Section 11, Part I thereof during this period. This could have been done at any time during the twenty-two years, if it had been so desired. See Chapter 56, Article 2, Section 15 of the Acts of the Legislature, Regular Session, 1937, (Michie's Code 8A-2-15); *State ex rel. Tucker v. City of Wheeling,* 128 W.Va. 47, 35 S.E.2d 681. Therefore, this would indicate that the people of the City of Wheeling are satisfied with the provisions of the Charter of their City, and the ruling of this Court relative thereto.

For the reasons stated herein, and the authorities applicable to the matters involved in the instant case, the writ of mandamus prayed for in this proceeding will be granted.

*Writ granted.*