415 S.E.2d 897

**Phillip HUDOK, Petitioner,**

v.

**BOARD OF EDUCATION OF RANDOLPH COUNTY, a Public Corporation; and Virgil G. Tacy, Jr., President; Janet S. Godwin, Vice–President, Willetta G. Hinkle, Mark T. Rennix, and Louise Vance, Consisting Said Members of Said Board; and John B. Wilson, Superintendent of Randolph County Schools, Respondents.**

No. 20808.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 4, 1992.

Decided March 24, 1992.

Kathleen Abate, Cohen, Abate & Cohen, Fairmont, William McGinley, W. Va. Educ. Ass'n, Charleston, for petitioner.

David W. Hart, Elkins, for respondents.

Chris Quasebarth, Sr. Asst. Atty. Gen., Charleston, for amicus curiae Dept. of Labor.

McHUGH, Chief Justice:

In this original proceeding in mandamus, the petitioner, Phillip Hudok, seeks to compel the respondents, the Board of Education of Randolph County and its elected members, to approve his leave of absence for a period of twelve weeks to care for his newborn daughter as provided under the Parental Leave Act, *W.Va.Code*, 21–5D–1 to 21–5D–9 [1989], and to allow him to use his personal leave days during his absence. We conclude that petitioner Hudok is among the employees the legislature intended to provide with family leave rights when it enacted the Parental Leave Act, and therefore, we grant the writ.

I

Petitioner Hudok has been employed as a teacher by the Board of Education of Randolph County since February of 1975. He now teaches physics and computer science at Tygarts Valley and Elkins high schools.

On August 21, 1991, petitioner Hudok's wife gave birth to their daughter. Petitioner Hudok subsequently submitted a request to the Superintendent of Randolph County Schools, John B. Wilson, for approval of twelve weeks parental leave to care for his newborn daughter. He further requested that he be permitted to use his accumulated personal leave during his period of absence from teaching.

By letter dated November 20, 1991, Mr. Wilson denied petitioner Hudok's request on the ground that "[t]he intent of the Paternity Leave Act does not apply in this case." Mr. Wilson did not explain in his letter the reasons upon which he based his conclusions that the Parental Leave Act did not apply and that the request should be denied.

Petitioner Hudok now seeks a writ of mandamus from this Court compelling the respondents to approve his leave of absence to care for his newborn daughter for a period of twelve weeks under the provisions of the Parental Leave Act, specifically, *W.Va.Code*, 21–5D–4(a) [1989], and to allow him to use his personal leave days during his period of absence. The Commissioner of the Department of Labor of the State of West Virginia filed an amicus curiae brief in support of petitioner Hudok's position.

II

At issue in this case is the clarification of the provisions of the Parental Leave Act, *W.Va.Code*, 21–5D–1 to 21–5D–9 [1989], relating to employees of county boards of education. As an employee of the Randolph County Board of Education, petitioner Hudok asserts that he is entitled to a twelve-week leave of absence to care for his newborn daughter under the provisions of *W.Va.Code*, 21–5D–4(a)(1) [1989], and that he should be allowed to use his accumulated personal leave days during that period of absence. The Randolph County Board of Education contends that petitioner Hudok's right to a leave of absence to care for his daughter is governed by *W.Va.*

*Code,* 18A–2–2a(b) [1988] [1] and *W.Va.Code,* 18A–4–10 [1991].[2]

The Parental Leave Act was enacted by the legislature in response to "a growing crisis in this country and state affecting the stability of our families, ... due to the need for families to have two income producing parents." *W.Va.Code,* 21–5D–1 [1989]. The legislature stated that the purpose of the Parental Leave Act is "to address this situation and to provide for the love, nurturing and education of our children[.]" *W.Va.Code,* 21–5D–1 [1989].

*W.Va.Code,* 21–5D–2(c)(1) [1989] defines an employee covered by the Parental Leave Act as "any individual, hired for permanent employment, who has worked for at least twelve consecutive weeks performing services for remuneration within this state for any department, division, board, bureau, agency, commission or other unit of state government, *or any county board of education in the state."* (emphasis added) The definition of an employer under *W.Va. Code,* 21–5D–2(d) [1989] "includes any department, division, board, bureau, agency, commission or other unit of state government and *any county board of education in the state."* (emphasis added).

Employees who are covered by the Parental Leave Act are entitled to a total of twelve weeks of unpaid family leave to care for a newborn child as specifically provided in *W.Va.Code,* 21–5D–4(a)(1) [1989]: "(a) An employee *shall* be entitled to a total of twelve weeks of unpaid family leave, *following the exhaustion of all his or her annual and personal leave,* during any twelve-month period: (1) Because of the birth of a son or daughter of the employee[.]" [3] (emphasis added).

Petitioner Hudok contends that the foregoing statutory provisions are clear and unambiguous, and should be applied by this Court rather than construed. The Randolph County Board of Education maintains that Petitioner Hudok is not entitled to a leave of absence under the Parental Leave Act because he is entitled to family leave under *W.Va.Code,* 18A–2–2a [1988], which was enacted by the legislature before the Parental Leave Act.[4]

█ This Court has consistently recognized that the legislature, when it enacts legislation, is presumed to know its prior enactments. Syl. pt. 5, *Pullano v. City of Bluefield,* 176 W.Va. 198, 342 S.E.2d 164 (1986). This traditional rule of statutory interpretation was followed by this Court in syllabus point 5 of *State v. Snyder,* 64 W.Va. 659, 63 S.E. 385 (1908):

1. The Randolph County Board of Education relies, in part, on the following language contained in *W.Va.Code,* 18A–2–2a(b) [1988]:

   An employee shall notify the county board at least ten working days prior to beginning a leave of absence. The county board shall approve such leave of absence for any teacher or service personnel who requests an extended leave of absence without pay for any period of time not exceeding one year for the purpose of pregnancy, childbirth or adoptive or infant bonding. An employee shall not be required to use accumulated annual leave or sick leave prior to taking an extended leave of absence.

2. The Randolph County Board of Education contends that personal leave is defined in *W.Va. Code,* 18A–4–10 [1991] and that a school employee may only take paid personal leave for "accident, sickness, death in the immediate family, or life threatening illness of the employee's spouse, parents or child, or other cause authorized or approved by the board[.]" The Board acknowledges that, under *W.Va.Code,* 18A–4–10 [1991], "each such employee shall be permitted

three days of such leave annually, which may be taken without regard to the cause for the absence, except that personal leave without cause may not be taken on consecutive work days unless authorized or approved by the employee's principal or immediate supervisor[.]" The Board argues that the birth of a child is not one of the causes entitling an employee to use more than three consecutive days of personal leave.

3. We recognized in syllabus point 1 of *Nelson v. West Virginia Public Employees Insurance Bd.,* 171 W.Va. 445, 300 S.E.2d 86 (1982): "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation."

4. The Randolph County Board of Education relies on *W.Va.Code,* 21–5D–4(e) [1989], which specifically provides that the Parental Leave Act "shall not be construed as granting an employee the family leave rights provided in this section *if he or she is entitled to such family leave rights under any other provision of this code."* (emphasis added)

A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.

■ The presumption is that the legislature was aware of its enactment of *W. Va. Code*, 18A–2–2a [1988] and 18A–4–10 [1991] when it included employees of "any county board of education in the state" in its definition of employees covered by the Parental Leave Act. Moreover, the terms of the Parental Leave Act are clear and unequivocal, requiring this Court to apply the statute to the facts in this case in accordance with legislative intent.[5] " 'When a statute is clear and unambiguous and the legislative intent is plain, it is the duty of the courts to apply the statute in accordance with the legislative intent therein clearly expressed.' Syllabus point 7, *State v. Bragg*, 152 W.Va. 372, 163 S.E.2d 685 (1968)." Syl., *Gant v. Waggy*, 180 W.Va. 481, 377 S.E.2d 473 (1988).

Petitioner Hudok has also requested that he be allowed to use his accumulated personal leave during his period of absence to care for his daughter. *W. Va. Code*, 21–5D–4(a) [1989] specifically provides that an employee shall be entitled to twelve weeks of unpaid family leave "following the *exhaustion* of all his or her annual and personal leave[.]" (emphasis added). Thus, under the clear and unambiguous language of the statute, the Board must allow petitioner Hudok to exhaust his annual and personal leave to care for his daughter before he is entitled to twelve weeks of unpaid leave under the Act.

We conclude that the plain language of *W. Va. Code*, 21–5D–4 [1989] mandates unpaid parental leave for up to twelve weeks, after the exhaustion of all annual and personal leave, during any twelve-month period, because of the birth of a child of an employee covered by the Parental Leave Act, *W. Va. Code*, 21–5D–1 to 21–5D–9 [1989]. The legislature, by including employees of "any county board of education in the state" in its definition of employees under *W. Va. Code*, 21–5D–2 [1989], clearly intended to grant parental leave rights to school teachers under the Parental Leave Act.

The Randolph County Board of Education had no authority to ignore the plain language of the Parental Leave Act,[6] and therefore, a writ of mandamus shall issue to compel the Board to allow petitioner Hudok to exhaust his annual and personal leave,[7] and to grant petitioner Hudok unpaid parental leave for up to twelve weeks to care for his newborn daughter.[8]

Writ granted.

---

**5.** The Randolph County Board of Education also argues that the Parental Leave Act should be read *in pari materia* with *W. Va. Code*, 18A–2–2a [1988] and 18A–4–10 [1991]. However, as we pointed out in *Manchin v. Dunfee*, 174 W.Va. 532, 536, 327 S.E.2d 710, 713 (1984), "the rule of *in pari materia* is a rule of statutory construction and is only utilized where there is some ambiguity in a particular statute[.]" We find no ambiguity under the provisions of *W. Va. Code*, 21–5D–2(c)(1), 21–5D–2(d) or 21–5D–4(a)(1) [1989].

**6.** *W. Va. Code*, 21–5D–8 [1989] provides that "[n]o person may interfere with, restrain or deny the exercise of any right provided under this article."

**7.** We cannot ascertain from the pleadings in this case the amount, if any, of annual or personal leave petitioner Hudok has accumulated.

**8.** We note that, under the provisions of *W. Va. Code*, 21–5D–4(a)(1) [1989], an employee is entitled to unpaid parental leave for up to twelve weeks "during any twelve-month period[.]"