432 S.E.2d 195

**STATE ex rel. Ruel FOSTER, Larry Schwab, Robert Cyphert, Donald Trevorrow, Barbara Hock and Betty McClain, Petitioners,**

v.

**The CITY OF MORGANTOWN, Respondent.**

No. 21671.

Supreme Court of Appeals of West Virginia.

Submitted May 4, 1993.

Decided June 10, 1993.

Willard D. Lorensen, Morgantown, for petitioners.

Stephen R. Fanok, Brent O. Burton, Morgantown, for respondent.

McHUGH, Justice:

In this original proceeding in mandamus, the petitioners, Ruel Foster, et al., seek to have this Court compel the respondent, the City of Morgantown, to either repeal a zoning ordinance amendment adopted by the city or submit it to a city-wide referendum. The zoning ordinance adopted by the city essentially altered conditional uses of property within designated zones to allow liquor to be served where only beer and wine sales were previously allowed. Upon review of the case before us, we deny the writ.

I

The City of Morgantown is a municipal corporation whose charter was approved by the city's voters on April 29, 1977. The charter of the City of Morgantown, section 1.02, provides that the city shall have all of the powers granted to it under the charter and "shall also have all the powers ... granted to municipal corporations and to cities of its class by the Constitution and general laws of the State[.]" Section 2.13(b) of the city's charter sets forth the procedure which must be followed by the city council in adopting ordinances. Moreover, section 8.01(b) of the city's charter provides the following power of referendum:

> (b) *Referendum.* The qualified voters of the City shall have power to require reconsideration by the Council of any adopted ordinance and, if the Council fails to repeal an ordinance so reconsidered, to approve or reject it at a City election, provided that such power shall not extend to the budget or capital program or any emergency ordinance or ordinance relating to appropriation of money or levy of taxes.

On January 5, 1993, the city council of the City of Morgantown adopted an amended zoning ordinance officially titled "AN ORDINANCE AMENDING SECTIONS 5 AND 19C AS WELL AS TABLE 11 OF THE ZONING ORDINANCE OF THE CITY OF MORGANTOWN AS THE SAME APPLIES TO PRIVATE CLUBS AND CONDITIONAL USES." The amended zoning ordinance essentially altered conditional uses of property within designated zones to allow liquor to be served where only beer and wine were previously served. At public hearings held before the city council voted on the amended zoning ordinance,[1] the petitioners urged the city council not to adopt the ordinance.

Following the adoption of the amended zoning ordinance by the city council, the petitioners drafted a petition requesting city council to reconsider the ordinance adopted, and obtained the signatures of more than 1,066 registered voters in the City of Morgantown. On February 10, 1993, the City Clerk of the City of Morgan-

---

1. The respondent represents that "at least three public hearings were held by the Planning Commission in which voiced concerns of citizens were acknowledged and to a large extent incorporated into the zoning ordinance amendment proposal which was later presented to Morgan-

town City Council for consideration." The respondent further represents that the city council also held a public hearing on the proposed amendment pursuant to *W.Va.Code,* 8–11–4 [1969], prior to its adoption.

town certified that the petition contained enough signatures of qualified voters to satisfy the requirements of the city's charter.

The petition was taken into consideration by the city council at its meeting on February 16, 1993. The petitioners represent that, at that meeting, the city attorney advised the city council that state law prohibited it from taking action on the petition, and from either repealing the zoning ordinance amendment or submitting it to a city-wide election under the provisions of the city's charter. The city council rejected the petition by a divided vote.

The petitioners contend that, under the City of Morgantown's charter, the city council has a non-discretionary duty to either repeal the ordinance or submit the issue to a city-wide election.[2] The petitioners therefore seek a writ of mandamus from this Court to compel the City of Morgantown to either repeal the zoning ordinance amendment or submit it to a city-wide election.

## II

▮ This Court has specifically held that *W.Va.Code*, 8–24–23 [1969] controls the method by which a city can amend a comprehensive zoning ordinance. *State ex rel.*

*MacQueen v. City of Dunbar*, 167 W.Va. 91, 278 S.E.2d 636 (1981).[3] We explained in the syllabus of *State ex rel. MacQueen* that, under the Zoning Enabling Act, specifically *W.Va.Code*, 8–24–23 [1969], there are no provisions authorizing a public referendum on an amendment to a zoning ordinance:[4]

> *W.Va.Code*, 8–24–23 [1969] controls the method by which a city can amend a comprehensive zoning ordinance; that section refers specifically to the procedures set forth in *W.Va.Code*, 8–24–18 through 22 [1969], and since these cited sections do not authorize a referendum on amendments to a zoning ordinance, none is required or permitted.

The legislature, under the Zoning Enabling Act, has provided a detailed procedure for adopting amendments to zoning ordinances. First, prior to the adoption of an amendment to the zoning ordinance, the planning commission is required to issue notice and conduct a public hearing on the proposed amendment.[5] *W.Va.Code*, 8–24–18 [1969]. Next, after the public hearing has been held, the planning commission may, by resolution, adopt the amendment to the zoning ordinance. *W.Va.Code*, 8–24–19 [1969]. Upon certifying and presenting the proposed zoning ordinance amend-

---

**2.** While it is clear that the petitioners believe Section 8.01(b) imposes a non-discretionary duty upon the city to hold a referendum, it is not clear as to which charter provision the petitioners believe imposes a non-discretionary duty upon the city to repeal the zoning ordinance amendment.

**3.** This Court did recognize in *State ex rel. MacQueen v. Dunbar* that *W.Va.Code*, 8–24–48 [1969] does authorize a public referendum, but only for the initial adoption of a comprehensive zoning ordinance.

**4.** The petitioners contend that the United States Supreme Court has clearly ruled that zoning decisions may be subject to public referendum without violation of any constitutional provision. In the United States Supreme Court case cited by the petitioners, *City of Eastlake v. Forest City Enterprises, Inc.*, 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976), the federal question presented to the court was whether a city charter amendment allowing voters to decide whether the zoned use of property could be altered was an unconstitutional delegation of legislative

power violative of federal due process guarantees because voters were given no standards to guide their decision. The Court held that the charter amendment was not invalid on federal constitutional grounds.

*City of Eastlake* is distinguishable from the case now before us because the Ohio Constitution specifically reserved the power of referendum to the people of each municipality on all questions the municipality was allowed to control by legislation. It is important therefore to note that article VI, section 39(a) of the *West Virginia Constitution* creating the Home Rule for Municipalities does *not* reserve to the people of each municipality in this State the power of referendum with respect to all questions that the municipality is authorized to control by legislation.

**5.** The planning commission consists of individuals "who shall be qualified by knowledge and experience in matters pertaining to the development of the municipality, who shall include representatives of business, industry and labor[.]" *W.Va.Code*, 8–24–5 [1986].

ment to the municipal governing body, *W.Va.Code*, 8–24–2 [1969], the governing body must consider the ordinance and either adopt, reject or amend it. *W.Va.Code*, 8–24–21 [1969].[6]

The petitioners recognize that the Zoning Enabling Act does not authorize a referendum on amendments to a zoning ordinance. They argue, however, that the referendum powers granted under the Home Rule Powers for Cities, *W.Va.Code*, 8–12–4 [1969], supersede the ordinance amendment procedure specifically delineated in the Zoning Enabling Act.[7]

*W.Va.Code*, 8–12–4 [1969], which was enacted in 1937, provides, in pertinent part:

Any city may by charter provision provide for any or all of the following:

(1) The *initiation* of ordinances by petition bearing the signatures, written in their own handwriting, of not less than ten percent of the qualified voters of such city;

(2) The submission to the qualified voters of such city of a proposed ordinance at a regular municipal election or special municipal election upon petition bearing the signatures, written in their own handwriting, of not less than ten percent of the qualified voters of such city or

upon resolution of the governing body of such city[.]

(emphasis added).

▮▮▮ *W.Va.Code*, 8–12–4 [1969], which was enacted prior to the enactment of the Zoning Enabling Statute, is a general statute which does not specifically address the referendum issue with respect to the adoption of an amendment to a *zoning* ordinance by the city council. Two rules of statutory construction must be considered here. First, there is a presumption that the legislature, when it enacts legislation, is familiar with its prior enactments. *Hudok v. Board of Education*, 187 W.Va. 93, 415 S.E.2d 897 (1992); *Pullano v. City of Bluefield*, 176 W.Va. 198, 342 S.E.2d 164 (1986); *Vest v. Cobb*, 138 W.Va. 660, 76 S.E.2d 885 (1953). Second, and in this context more importantly, is the long-established rule of statutory construction that a specific statute will take precedence over a general statute which deals with the same subject matter. *West Virginia Dept. of Human Services v. Boley*, 178 W.Va. 179, 182, 358 S.E.2d 438, 441 (1987) (citing cases). We succinctly stated this rule in syllabus point 1 of *UMWA by Trumka v. Kingdon*, 174 W.Va. 330, 325 S.E.2d 120 (1984): "The general rule of statutory con-

---

**6.** The detailed procedure to be followed in amending a zoning ordinance makes sense for several reasons. First of all, in preparing a comprehensive plan, the planning commission is charged with the duty to make "careful and comprehensive surveys and studies of the existing conditions and probable future changes of such conditions within the territory under its jurisdiction." *W.Va.Code*, 8–24–16 [1969]. The comprehensive plan is created

with the general purpose of guiding and accomplishing a coordinated, adjusted and harmonious development of the area which will, in accordance with present and *future* needs and resources, best promote the health, safety, morals, order, convenience, prosperity or general welfare of the inhabitants, as well as efficiency and economy in the process of development[.]

*W.Va.Code*, 8–24–16 [1969] (emphasis added). Any amendments to zoning ordinances must harmonize with the comprehensive plan. *State ex rel. MacQueen v. City of Dunbar, supra.* Thus, the detailed procedure set forth under *W.Va.Code*, 8–24–18 through 22 [1969] is crucial to the comprehensive planning envisioned by the Zoning Enabling Act. In contrast, a public

referendum on an isolated issue relating to municipal zoning is inconsistent with comprehensive planning.

**7.** The petitioners also contend that, three decades ago, this Court settled the law on referendum of zoning matters in *State ex rel. Schreyer v. City of Wheeling*, 146 W.Va. 467, 120 S.E.2d 389 (1961). In that case, which predates the Zoning Enabling Act, the Court held that an ordinance submitted by petition signed by the requisite number of voters, proposing the repeal of an ordinance adopted by the city council, should, if not adopted by the council without alteration, be submitted to a vote of the people in the manner so provided. *Schreyer*, however, is easily distinguishable from the case now before the Court. *Schreyer* is not a zoning case. *Schreyer* involved an effort by citizens to rescind an ordinance ordering the demolition of two buildings; the issue of zoning was not involved. In the present case, the petitioners seek to have a referendum on an amended *zoning* ordinance that had been adopted by the city council pursuant to the Zoning Enabling Act. Thus, the holding in *Schreyer* is not controlling, nor relevant, in the present case.

struction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled."

We utilize these traditional rules of statutory construction in evaluating the petitioners' arguments herein. *W.Va.Code,* 8–24–23 [1969] specifically sets forth the procedure to be followed in amending a zoning ordinance, and was enacted by the legislature *after W.Va.Code,* 8–12–4 [1969]. Clearly, with respect to amending zoning ordinances, *W.Va.Code,* 8–24–23 [1969] preempts *W.Va.Code,* 8–12–4 [1969].

 Furthermore, municipalities have no inherent power with regard to their exercise of governmental functions; their power depends solely upon the acts of the Legislature. Syllabus point 1, in part, *State ex rel. Plymale v. City of Huntington,* 147 W.Va. 728, 131 S.E.2d 160 (1963). *W.Va.Code,* 8–24–23 [1969] is a general law that operates and applies uniformly to all cities in the State, and limits any exercise of municipal power in any municipality in this state with respect to zoning ordinance amendments. Section 8.01(b) of the Morgantown City Charter, which reserves the power of referendum to the qualified voters of the City to require reconsideration by the city council of *any* adopted ordinance, is clearly inconsistent with *W.Va. Code,* 8–24–23 [1969], which does not authorize a referendum to challenge amendments to zoning ordinances.[8] When a charter provision is inconsistent with a general law, the general law is controlling as we stated in syllabus point 2 of *Miller v. Palmer,* 175 W.Va. 565, 336 S.E.2d 213 (1985): " 'In the event of an inconsistency or conflict between a provision of a city charter and a general law, the latter will prevail.' Syl. Pt. 2, *State ex rel. Plymale v. City of Huntington,* 147 W.Va. 728, 131 S.E.2d 160 (1963)."

---

**8.** Section 8.01(b) appears to be "inconsistent or in conflict with." *W.Va.Code,* 8–24–23 [1969] only insofar as it would allow a referendum after the adoption of an amended zoning ordinance. *W.Va.Code,* 8–1–2(b)(9) provides:

"(9) 'Inconsistent or in conflict with' shall mean that a charter or ordinance provision is

### III

Thus, for the reasons stated above, we hold that a municipal charter provision, granting to the qualified voters of the municipality the power of referendum to require reconsideration by the city council of any adopted ordinance, may not supersede *W.Va.Code,* 8–24–23 [1969], which does not authorize a referendum with respect to amendments to zoning ordinances. Accordingly, we deny the writ.

Writ denied.

repugnant to the Constitution of this State or to general law because such provision (i) permits or authorizes that which the Constitution or general law forbids or prohibits, or (ii) forbids or prohibits that which the Constitution or general law permits or authorizes[.]"