686 S.E.2d 16

**JEFFERSON COUNTY CITIZENS FOR ECONOMIC PRESERVATION, a nonprofit corporation, Petitioner below, Appellee**

v.

**COUNTY COMMISSION OF JEFFERSON COUNTY, a public body; Archibald M.S. Morgan, President and Member; Dale Manuel, Member; James Surkamp, Member; Gregory Corliss, Member; and Jane Tabb, Member, Respondents below, Appellants.**

No. 34583.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 8, 2009.

Decided Sept. 24, 2009.

James Casimiro, III, Esq., Assistant Prosecuting Attorney, Charles Town, WV, for Appellants.

Richard G. Gay, Esq., Nathan P. Cochran, Esq., Law Office of Richard G. Gay, Berkeley Springs, WV, Peter L. Chakmakian, Esq., Alice Chakmakian, Esq., Charles Town, WV, for Appellee.

KETCHUM, Justice.

This declaratory judgment action is before this Court upon the appeal of the County Commission of Jefferson County, West Virginia, (hereinafter "appellant" or "County Commission") from the February 26, 2008, order of the Circuit Court of Jefferson County granting summary judgment in favor of an entity known as Jefferson County Citizens for Economic Preservation (hereinafter "appellee"). In the proceedings below, the appellee, a non-profit corporation consisting of various property owners and land use professionals, challenged the March 2005 adoption by the County Commission of amendments to the Jefferson County Zoning and Land Development Ordinance. The principal challenge was to an amendment which lowered

the permitted density in the County's rural district by decreasing the number of lots allowed from 1 lot for every 10 acres to 1 lot for every 15 acres.

In granting summary judgment, the Circuit Court determined that the County Commission failed to follow the relevant statutory scheme in adopting the amendments and that the amendments were, therefore, invalid. The County Commission states that the statutory scheme cited by the Circuit Court and the appellee was repealed prior to 2005 and replaced by a new statutory procedure which the County Commission followed. Accordingly, the County Commission asks this Court to reinstate the amendments.

This Court has before it the petition for appeal filed by the County Commission, the response, all matters of record and the briefs and argument of counsel. The respective positions of the parties concerning the merits of the 2005 amendments to the Ordinance, and the degree to which the County's rural district should be developed, are not matters for this Court to decide. Instead, the issue before this Court is limited to whether the Circuit Court was correct in its determination that the County Commission failed to follow the relevant statutes in adopting the amendments to the Ordinance.

Upon review, this Court is of the opinion that the Circuit Court's determination, that the prior statutory scheme should have been followed, was incorrect. Consequently, the February 26, 2008, order granting summary judgment in favor of the appellee is reversed, and this action is remanded to the Circuit Court for the entry of an order granting judgment in favor of the County Commission, reinstating the 2005 amendments to the Jefferson County Zoning and Land Development Ordinance.

## I.

### Factual Background

The Jefferson County Zoning and Land Development Ordinance was first adopted in 1988 and has been amended several times. As reflected in its Minutes, the County Commission voted in January 2005 to hold public hearings and accept written comments upon a new set of amendments, prepared by the County Commission, which included a proposal to lower the permitted density in the County's rural district by decreasing the number of lots allowed from 1 lot for every 10 acres to 1 lot for every 15 acres. That proposal would constitute a change of § 5.7(d)1. of the existing Ordinance.

By order of the County Commission, notices of the upcoming hearings were published in the *Spirit of Jefferson Advocate*, a local newspaper. Soon after, public hearings were conducted on February 23 and March 3, 2005. Although the record before this Court includes neither transcripts of the hearings nor the written comments concerning the amendments submitted by the participants, the Minutes of the County Commission reveal that members of both the County Commission and the Jefferson County Planning Commission, representatives of the appellee and others attended the hearings.

Following the hearings, the County Commission, on March 17, 2005, asked the Planning Commission to offer comment upon the compatibility of the amendments with the County's Comprehensive Plan concerning land development. On March 22, 2005, the Planning Commission, by unanimous vote, determined that the amendments were compatible with the Comprehensive Plan. On March 23, 2005, the County Commission adopted the new set of amendments to the Jefferson County Zoning and Land Development Ordinance. As a result, § 5.7(d)1. of the Ordinance was changed, thus decreasing the number of lots allowed in the rural district from 1 lot for every 10 acres to 1 lot for every 15 acres. The amendments were effective as of April 8, 2005.

## II.

### Procedural Background

In May 2005, the appellee, Jefferson County Citizens for Economic Preservation, filed a petition in the Circuit Court of Jefferson County for a writ of certiorari or, in the alternative, for declaratory relief, alleging that the 2005 amendments, including the change to § 5.7(d)1., were unlawfully adopted and unfairly diminished the value of real

property in the rural district. Subsequently, the appellee filed an amended complaint and cited *W. Va.Code*, 53–3–1 (1923), *et seq.*, and *W. Va.Code*, 55–13–1 (1941), *et seq.*, respectively, as conferring jurisdiction in the Circuit Court with regard to certiorari and the requested declaratory relief. On July 8, 2005, the Circuit Court entered an order concluding that certiorari is inappropriate in this matter and that the litigation should proceed as an action for declaratory judgment. *See*, W.Va. R. Civ. P. 57 (providing that the procedure for obtaining declaratory relief under *W. Va.Code*, 55–13–1, *et. seq.*, shall be in accordance with the West Virginia Rules of Civil Procedure). The appellee does not challenge the July 8, 2005, order.

At the heart of the controversy is § 12.2(a) of the Jefferson County Zoning and Land Development Ordinance. That section, entitled "Procedure for Amendment," was in effect during the consideration and adoption of the 2005 amendments to the Jefferson County Ordinance.

Pursuant to § 12.2(a), all amendments to the Ordinance were to be adopted according to the procedures set forth in *W. Va.Code*, 8–24–18 (1969), through *W. Va.Code*, 8–24–23 (1969). Those statutes, which encompass rural planning at the county level, require that the county planning commission, rather than the county commission, publish notices of, and conduct public hearings concerning, proposed amendments to the county comprehensive plan and related ordinances. Moreover, if approved, the planning commission is required to formally adopt the amendments and recommend and certify them to the county commission. Thus, because the County Commission in this action, rather than the Planning Commission, published the notices and conducted the public hearings, the appellee alleged in the amended petition that the 2005 amendments to the Ordinance were invalid. In addition, the appellee alleged that the 2005 amendments to the Ordinance were invalid because, other than determining their compatibility with the Comprehensive Plan, there was no formal adoption, recommendation and certification of the amendments by the Jefferson County Planning Commission for the County Commission's review.[1]

In response, the County Commission referred to the fact that, § 12.2(a) of the Ordinance notwithstanding, the West Virginia Legislature, in 2004, repealed *W. Va.Code*, 8–24–18 (1969), through *W. Va.Code*, 8–24–23 (1969), and nearly all of chapter 8, article 24. Those provisions were replaced by the West Virginia Land Use Planning Act, *W. Va.Code*, 8A–1–1 (2004), *et seq.*, effective June 11, 2004. According to the County Commission, even though public hearings were conducted upon the amendments to the Ordinance, no hearings were required under the relevant provisions of the new West Virginia Land Use Planning Act, since all activity concerning the proposed amendments to the Ordinance occurred in 2005. Consequently, the County Commission asked the Circuit Court to uphold the March 23, 2005, adoption of the amendments.

The action proceeded in due course, and on February 21, 2007, the Circuit Court denied the County Commission's motion for sum-

---

1. It should be noted that the appellee also asserted that the lowering of the permitted density in the rural district of Jefferson County constituted a taking of private property without just compensation. As W. Va. Const. art. III, § 9, states: "Private property shall not be taken or damaged for public use, without just compensation[.]"

In the subsequent order of February 26, 2008, however, the Circuit Court rejected that assertion and entered judgment in favor of the County Commission upon that issue. The order stated: "The change in density does not destroy all economic use of property in the Rural Zoning District because an individual owning land there can still subdivide his or her property and sell off parcels, or farm the land and sell the crops." Syllabus point 6 of *McFillan v. Berkeley County* *Planning Commission*, 190 W.Va. 458, 438 S.E.2d 801 (1993), cited by the Circuit Court, holds:

Land-use regulations will not constitute an impermissible taking of property under the Fifth Amendment to the United States Constitution and Section 9 of Article III of the West Virginia Constitution if such regulations can be reasonably found to promote the health, safety, morals or general welfare of the public and the regulations do not destroy all economic uses of the property.

Syl. pt. 5, *Harrison v. Town of Eleanor*, 191 W.Va. 611, 447 S.E.2d 546 (1994).

No cross-appeal challenging the ruling of the Circuit Court in that regard has been filed by the appellee.

mary judgment. Noting that the West Virginia Land Use Planning Act validated prior ordinances, such as § 12.2(a), the Circuit Court indicated that § 12.2(a) and the former statutory scheme referenced therein, *W.V a.Code,* 8–24–18 (1969), through *W. Va.Code,* 8–24–23 (1969), would control whether the 2005 amendments to the Ordinance were properly adopted.

Thereafter, the County Commission filed a second motion for summary judgment alleging, *inter alia,* that, even if the former statutory scheme applied, it complied with those provisions by conducting the public hearings with members of the Planning Commission in attendance and by obtaining the Planning Commission's subsequent determination that the proposed amendments to the Ordinance were compatible with the Comprehensive Plan. Nevertheless, the appellee filed a motion for summary judgment, asking the Circuit Court to invalidate the amendments to the Ordinance for failure by the County Commission to follow § 12.2 and *W. Va.Code,* 8–24–18 (1969), through *W. Va.Code,* 8–24–23 (1969).

On February 26, 2008, the Circuit Court entered an order granting summary judgment in favor of the appellee, Jefferson County Citizens for Economic Preservation, thereby invalidating the 2005 amendments to the Ordinance. Relying upon § 12.2 and the former statutory scheme, the Circuit Court concluded that the process surrounding the consideration of the amendments was defective because the County Commission, rather than the Planning Commission, published the notices and conducted the public hearings and because, other than determining compatibility with the Comprehensive Plan, the Planning Commission failed to formally adopt, recommend and certify the amendments for the County Commission's review.

The County Commission appeals to this Court from the February 26, 2008, order.

## III.

### Standards of Review

■ Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is proper where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See generally,* Cleckley, Davis and Palmer, *Litigation Handbook on West Virginia Rules of Civil Procedure,* 1110–1147 (3rd ed. Juris Pub. 2008); 11A M. J., *Judgment and Decrees* § 217.1–217.5 (Matthew Bender & Co. 2007).

■ This Court's standards of review concerning summary judgments are well settled. As syllabus point 3 of *Aetna Casualty and Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963), holds: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 2, *Jackson v. Putnam County Board of Education,* 221 W.Va. 170, 653 S.E.2d 632 (2007); syl. pt. 1, *Mueller v. American Electric Power Energy Services,* 214 W.Va. 390, 589 S.E.2d 532 (2003). *See also, Southern Electrical Supply v. Raleigh County National Bank,* 173 W.Va. 780, 782, 320 S.E.2d 515, 517 (1984) (summary judgment is appropriate where there are no genuine issues of material fact in dispute, and the matter can be decided by application of rules of law).

■ Upon appeal, the entry of a summary judgment is reviewed by this Court *de novo. Angelucci v. Fairmont General Hospital,* 217 W.Va. 364, 368, 618 S.E.2d 373, 377 (2005); syl. pt. 1, *Koffler v. City of Huntington,* 196 W.Va. 202, 469 S.E.2d 645 (1996); syl. pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Also reviewed *de novo* is a circuit court's resolution of legal questions in a declaratory judgment action. In *Cox v. Amick,* 195 W.Va. 608, 466 S.E.2d 459 (1995), this Court stated: "[b]ecause the purpose of a declaratory judgment action is to resolve legal questions, a circuit court's ultimate resolution in a declaratory judgment action is reviewed *de novo;* however, any determinations of fact made by the circuit court in reaching its ultimate resolution are reviewed pursuant to a clearly erroneous standard." 195 W.Va. at 612, 466 S.E.2d at

463. Syl. pt. 2, *Blankenship v. City of Charleston*, 223 W.Va. 822, 679 S.E.2d 654 (2009); syl. pt. 1, *Flanagan v. Stalnaker*, 216 W.Va. 436, 607 S.E.2d 765 (2004); syl. pt. 1, *Butler v. Price*, 212 W.Va. 450, 574 S.E.2d 782 (2002).

## IV.

### Discussion

The material facts underlying the procedures followed by the County Commission in the adoption of the 2005 amendments to the Ordinance are not in dispute. All activity with regard to the consideration and adoption of the amendments to the Ordinance occurred in 2005, after the June 11, 2004, effective date of the West Virginia Land Use Planning Act containing *W. Va.Code*, 8A–1–1 (2004), *et seq.* The focus of the controversy concerns Jefferson County Zoning and Land Development Ordinance § 12.2, entitled "Procedure for Amendment," which states:

> After the adoption of this Ordinance, all amendments to it shall be adopted according to the procedures set forth in sections eighteen through twenty-three of Chapter 8, Article 24 of the West Virginia Code, as amended; except, that public publication of notice of the date, time and place of hearing upon amendment of the zoning ordinance need be only fifteen or more days prior to the date set for such hearing; and except that if the County Commission desires an amendment, it may direct the Planning Zoning Commission to prepare an amendment and submit it to the public hearing within sixty (60) days after formal written request by the County Commission.

A careful reading of § 12.2 reveals no mandatory requirements concerning the process of amending the Ordinance except by reference to *W. Va.Code*, 8–24–18 (1969), through *W. Va.Code*, 8–24–23 (1969). Although those statutes were repealed by the Legislature in 2004, § 12.2 of the Ordinance, itself, was in effect during the 2005 consideration and adoption of the amendments in question by the County Commission. That is because, by virtue of the new Act, particularly *W. Va.Code*, 8A–7–10(b) (2004), and *W.Va. Code*, 8A–7–12 (2004), former ordinances, such as § 12.2, were continued in effect until amended or repealed. As *W. Va.Code*, 8A–7–12 (2004), provides: "All zoning ordinances, all amendments, supplements and changes to the ordinance, legally adopted under prior acts, and all action taken under the authority of the ordinance, are hereby validated and the ordinance shall continue in effect until amended or repealed by action of the governing body taken under authority of this article."

Thus, according to the Circuit Court and the appellee, inasmuch as § 12.2 was in effect in 2005, the repeal of the former statutory scheme, *W. Va.Code*, 8–24–18 (1969), through *W. Va.Code*, 8–24–23 (1969), did not preclude the application of those statutes to the consideration and adoption of the 2005 amendments to the Ordinance. As stated above, those statutes require the planning commission, rather than the county commission, to publish notices of, and conduct public hearings concerning, proposed amendments to the county comprehensive plan and related ordinances. Moreover, upon approval of the amendments, those statutes require the planning commission to formally adopt the amendments and recommend and certify them to the county commission.[2]

■ As long recognized, "the general rule is, that when an act of the Legislature is

---

2. Pursuant to *W. Va.Code*, 8–24–23 (1969), following the adoption of a comprehensive plan and ordinance, any amendments shall be adopted according to the procedures set forth in sections 18 through 22. Thus, as directed by *W. Va.Code*, 8–24–18 (1969), the planning commission shall publish notices of, and conduct public hearings concerning, the proposed amendments. If approved, the amendments are to be adopted by the planning commission and recommended to the county commission under *W. Va.Code*, 8–24–19 (1969). In addition, the amendments are to be certified to the county commission pursuant to *W. Va.Code*, 8–24–20 (1969). Finally, *W. Va. Code*, 8–24–21 (1969), and *W. Va.Code*, 8–24–22 (1969), provide for the county commission's consideration of the amendments upon the completion of the above requirements. *Lower Donnally Association v. Charleston Municipal Planning Commission*, 212 W.Va. 623, 627, 575 S.E.2d 233, 237 (2002); *State ex rel. Foster v. City of Morgantown*, 189 W.Va. 433, 435–36, 432 S.E.2d 195, 197–98 (1993).

repealed without a saving clause, that it must be considered, except as to transactions passed and closed, as if it had never existed." Syl. pt. 1, *Curran v. Owens*, 15 W.Va. 208 (1879). *Chesapeake and Potomac Co. v. State Tax Department*, 161 W.Va. 77, 83, 239 S.E.2d 918, 922 (1977). *See, Crank v. McLaughlin*, 125 W.Va. 126, 131, 23 S.E.2d 56, 59 (1942) (no one has a vested right to demand the continuance of a law or ordinance, although accrued rights thereunder are protected until repeal or modification); syl. pt. 4, *Fairmont Wall Plaster v. Nuzum*, 85 W.Va. 667, 102 S.E. 494 (1920) (neither the courts nor individuals acting as officers can prolong the life of a repealed statute); 17 M. J., *Statutes* § 102 (Matthew Bender & Co. 2006) (the general rule is that a repealed statute cannot be acted upon after it is repealed, but as to all matters that have taken place under it, they remain valid and cannot be questioned).

■ Here, § 12.2 of the Ordinance concerning the amendment process was animated solely by reference to the repealed statutes: *W. Va.Code*, 8–24–18 (1969), through *W. Va.Code*, 8–24–23 (1969). It did not independently set forth or restate any procedural steps comparable to the those statutes which would have mandated procedures for the consideration and adoption of the 2005 amendments to the Ordinance. As a result, it is of no moment that § 12.2 continued in effect during the period in question. Following the

Legislature's express repeal of *W. Va.Code*, 8–24–18 (1969), through *W. Va.Code*, 8–24–23 (1969), in 2004, the scope and reach of § 12.2 fell short of setting the standard to be followed. To enforce § 12.2 of the Ordinance at this point would frustrate the intent of the Legislature. As the County Commission pointed out during the argument before this Court, if § 12.2 were to continue in effect indefinitely in the form set forth herein, then, under the logic of the appellee, repealed statutes *W. Va.Code*, 8–24–18 (1969), through *W. Va.Code*, 8–24–23 (1969), would be controlling in Jefferson County in perpetuity.

It follows from what has been said that where a county land use ordinance concerning procedures for amending the county's comprehensive plan and related ordinances relies solely upon a statutory scheme previously repealed by the West Virginia Legislature, the ordinance is without authority to mandate the procedures to be followed by the county commission and planning commission in adopting or rejecting proposed amendments to the comprehensive plan and related ordinances. This Court so holds and concludes that, in this action, the Circuit Court's determination that the prior statutory scheme should have been followed by the County Commission was incorrect.

In the circumstances of this action, therefore, the County Commission is entitled to have the 2005 amendments to the Ordinance reinstated.[3]

---

3. In so ruling, however, this Court notes that while the County Commission correctly maintains that the West Virginia Land Use Planning Act, *W. Va.Code*, 8A–1–1 (2004), *et seq.*, is the relevant authority in assessing the process pursuant to which the 2005 amendments to the Ordinance were adopted, several questions in that regard have not been addressed by the parties and the Circuit Court. As a result, this Court declines to definitively or preemptively settle those questions at this point.

For example, the County Commission relies upon *W. Va.Code*, 8A–7–8 (2004), of the West Virginia Land Use Planning Act as controlling of the ordinance amendment process. That provision was cited in the notices published in the local newspaper prior to the February 23 and March 3, 2005, public hearings, even though, at that time, § 12.2 of the Ordinance referred to the former statutes: *W. Va.Code*, 8–24–18 (1969), through *W. Va.Code*, 8–24–23 (1969). As the February 26, 2008, order of the Circuit Court

states, § 12.2 was ultimately amended to remove the former statutory requirements and replace them with *W. Va.Code*, 8A–7–8 (2004).

While the County Commission correctly observes that no public hearing requirement is set forth in *W. Va.Code*, 8A–7–8 (2004), the encouragement of public participation is found in *W. Va.Code*, 8A–3–1(b) (2004), of the West Virginia Land Use Planning Act. Other sections of the Act, *W. Va.Code*, 8A–3–6 (2004), *W. Va.Code*, 8A–3–7 (2004), *W. Va.Code*, 8A–3–11 (2004), *W.V a.Code*, 8A–4–5 (2004), *W. Va.Code*, 8A–7–5 (2004), and *W. Va.Code*, 8A–7–9 (2004), provide for public hearings.

Inasmuch as the appellee did not raise the above matters, and in view of the two public hearings conducted by the County Commission with the participation of the Planning Commission, this Court is of the opinion that, upon the whole, the record demonstrated the County Commission's entitlement to reinstatement of the 2005 amendments to the Ordinance.

## V.

### Conclusion

Accordingly, the February 26, 2008, order of the Circuit Court of Jefferson County, West Virginia, granting summary judgment in favor of the appellee, Jefferson County Citizens for Economic Preservation, is reversed, and this action is remanded to the Circuit Court for the entry of an order granting judgment in favor of the County Commission of Jefferson County, reinstating the 2005 amendments to the Jefferson County Zoning and Land Development Ordinance.

Reversed and Remanded