693 S.E.2d 781

**JEFFERSON ORCHARDS, INC.,**
Petitioner below, Appellant

v.

**JEFFERSON COUNTY ZONING BOARD OF APPEALS, a Public Body; Paul Raco, Zoning Administrator; Thomas Trumble, Member; Edwin T. Kelly, II, Member; Tiffany Hine, Chairperson; Christy Huddle, Member; and Frances Morgan, Member, Respondents below, Appellees.**

No. 35129.

Supreme Court of Appeals of
West Virginia.

Submitted March 2, 2010.

Decided April 5, 2010.

Ancil G. Ramey, Esq., Steptoe & Johnson, Charleston, WV, Peter L. Chakmakian, Esq., Charles Town, WV, for the Appellees.

Stephanie F. Grove, Esq., Assistant Prosecuting Attorney, Jefferson County Prosecutor's Office, Charles Town, WV, Gregory A.

Bailey, Esq., Arnold & Bailey, Shepherdstown, WV, for the Intervenors.

Richard G. Gay, Esq., Nathan P. Cochran, Esq., Berkeley Springs, WV, for the Appellant.

KETCHUM, Justice:

This matter concerns a conditional use permit issued to the appellant, Jefferson Orchards, Inc., to construct a residential subdivision, consisting of a number of single family dwellings, on its property in Jefferson County, West Virginia. The proposed subdivision, to be known as Paynes Ford Station, is located in a rural-agricultural zoned district of Jefferson County. The appellant contends that the conditional use permit, as modified and restricted by the decisions below, renders the proposed subdivision economically unfeasible and violates its right, after having otherwise satisfied all procedural and substantive requirements, to proceed with the subdivision as originally designed and presented.

This is the second appeal by Jefferson Orchards, Inc., before this Court. On April 5, 2007, the Circuit Court of Jefferson County entered an order pursuant to West Virginia Rule of Civil Procedure 54(b) to facilitate the appeal of Jefferson Orchards, Inc., to this Court from adverse rulings of the Jefferson County Board of Zoning Appeals concerning the proposed subdivision.[1] That order was entered because, at that time, a similar case, subsequently published as *Far Away Farm v. Jefferson County Board of Zoning Appeals*, 222 W.Va. 252, 664 S.E.2d 137 (2008), was pending before us. Following the decision in *Far Away Farm*, this Court entered an order on June 11, 2008, granting the appeal of Jefferson Orchards, Inc., but remanding the case to the Circuit Court for reconsideration in light of the *Far Away Farm* opinion.[2]

Pursuant to an order entered on December 30, 2008, the Circuit Court largely upheld the conditional use permit issued to Jefferson

---

1. Rule 54(b) of the West Virginia Rules of Civil Procedure provides for the entry of judgment by a circuit court in certain circumstances when "there is no just reason for delay."

2. On November 10, 2008, the Supreme Court of the United States denied certiorari in the *Far Away Farm* case. *See, Dunleavy v. Far Away Farm*, — U.S. —, 129 S.Ct. 573, 172 L.Ed.2d 431 (2008).

Orchards, Inc., as modified and restricted by the Board of Zoning Appeals. This second appeal followed. The appellant asks this Court to conduct a full review and remand the case to the Circuit Court with directions to require the Jefferson County Planning and Zoning Commission to issue the conditional use permit as originally designed and presented.

This Court has before it the petition of Jefferson Orchards, Inc., for appeal, all matters of record and the briefs and argument of counsel. Upon review, this Court concludes that the Circuit Court upon the complete record before it, which included proceedings in Jefferson County before both the Planning and Zoning Commission Staff and the Board of Zoning Appeals, complied with this Court's mandate to reconsider the case in light of the *Far Away Farm* opinion. Moreover, having also considered the memoranda of law filed by counsel, the Circuit Court upheld the conditional use permit issued to Jefferson Orchards, Inc., as modified and restricted, and fully explained the reasons for its ruling in the December 30, 2008, order.

Upon an examination of the evidence and relevant authorities, this Court is of the opinion that the ruling upholding the conditional use permit, as modified and restricted, was within the discretion of the Circuit Court and should not be disturbed. Consequently, we affirm the order of December 30, 2008.

### I.

### Factual and Procedural Background

The Jefferson County Zoning and Development Review Ordinance, in effect during the period in question, allowed a property owner "to create one (1) lot for every ten (10) acres with a minimum lot size of three (3) acres." The Ordinance, however, includes a Development Review System, which "does allow for higher density" with regard to projects such as residential subdivisions, if the owner obtains a Conditional Use Permit. *See*, Section 5.7 of the Ordinance. Syllabus point 1, in part, of *Harding v. Morgantown Board of Zoning Appeals*, 159 W.Va. 73, 219 S.E.2d 324 (1975), explains that, when granted, a Conditional Use Permit, or CUP, "permits certain uses which the ordinance authorizes under stated conditions."

In April 2002, the appellant, Jefferson Orchards, Inc., submitted an application to the Jefferson County Planning and Zoning Commission for a Conditional Use Permit to develop a residential subdivision to be known as Paynes Ford Station. The subdivision would consist of 201 single-family dwellings on 141.6 acres in Jefferson County with an average lot size of .78 acres per dwelling. The proposed subdivision extended into adjoining Berkeley County where an additional 17 dwellings were planned. As stated by the appellant, the proposed subdivision would be compatible with the neighboring Quail Ridge and Chapel View residential subdivisions already in existence. Moreover, Jefferson Orchards, Inc., states that Berkeley County approved its proposal and agreed to provide water and sewer services for the entire proposed subdivision with regard to both Counties.

The Development Review System of the Ordinance sets forth various stages for the processing and consideration of a CUP application. First, the Planning and Zoning Commission Staff completes a numerically-rated evaluation known as a Land Evaluation and Site Assessment, or LESA, score. A score of 60 points or lower indicates that the agricultural potential of the property is less appropriate or less advantageous than the development of the property, and the application is advanced to the next stage, the Compatibility Assessment Meeting. As Section 7.6(a) of the Ordinance states, in part: "The Compatibility Assessment Meeting allows the adjacent and confronting property owners and all other interested parties the opportunity to hear the developer's presentation and proposal." In this matter, Jefferson Orchards, Inc., received a passing LESA score of 57.58, and a Compatibility Assessment Meeting concerning the Paynes Ford Station residential subdivision was conducted on May 24, 2006. At that point, additional supporting data for the project was requested and submitted, thus resolving a number of concerns raised by nearby landowners, and the appellant's application proceeded to the public hearing stage.

Pursuant to Section 7.6, *et seq.*, of the Ordinance, a public hearing, if necessary, is to be conducted by the Jefferson County Planning and Zoning Commission which shall then issue, issue with conditions, or deny the application for the CUP. In the meantime, however, the Jefferson County Commission adopted an amended Ordinance, effective April 8, 2005, which provided that the Jefferson County Board of Zoning Appeals, rather than the Planning and Zoning Commission, would conduct the public hearing and then decide upon the application for the CUP.[3] Ultimately, this Court, in *Far Away Farm*, held that the 2005 amended Ordinance has no retroactive application.

Nevertheless, in this case, the Board of Zoning Appeals conducted a public hearing on August 10, 2006, with regard to the unresolved issues concerning the appellant's proposal. During the hearing, Tim Gerhard, an expert called by members of the public, testified that, based on the density of the surrounding area within a 1 mile radius of the proposed subdivision, the average density was 13.3 acres per dwelling. In rebuttal, the appellant's expert, Mark Dyck, testified that the average density was 1.98 acres per unit. As later pointed out by the Board of Zoning Appeals, however: "Mr. Dyck admitted that if the large parcels, which consisted of lots over 10 acres were included in the calculations, then the average lot size of the area is 3.76 acres."

By order entered on October 16, 2006, the Board of Zoning Appeals granted the application of Jefferson Orchards for a Conditional Use Permit. However, the Board modified and restricted the proposal as to Jefferson County with the following proviso: "that the density be no more than 3.76 acres per unit with a maximum possible build out of 37 units." The October 16, 2006, order included the following findings and conclusions:

> The average lot size of the neighborhood surrounding a one mile radius of the proposed Paynes Ford Station Subdivision is 3.76 acres if the larger parcels over ten

acres are included in the calculations. The density proposed by the applicant far exceeds the average lot size in the neighborhood within a one mile radius of the proposed subdivision. Therefore, the density proposed by the applicant is not compatible with the surrounding neighborhood. One lot per every 3.76 acres is an increase of density beyond the one lot per ten acres that is permitted in the rural zone under the Jefferson County Zoning Ordinance. * * *

> Although single family homes are permitted in the rural district, it does not mean that if an applicant proposes this same use, that an application is automatically compatible. If the Board could not use density as a criteria, it would have to approve every CUP, no matter how dense the proposed project was. Such an interpretation would destroy the intent of the rural zone, which purpose is to maintain the rural nature of the County. The Board finds that average lot size is [a] reasonable measure of the density in the neighborhood. The Board finds that the average lot size in the neighborhood of Paynes Ford Station is 3.76 acres if all parcels are included within the calculation.

In November 2006, Jefferson Orchards, Inc., filed a petition for a writ of certiorari in the Circuit Court of Jefferson County. *W.Va.Code,* 8A–9–1 (2004), *et seq.* On March 5, 2007, the Circuit Court entered an order granting the petition and stating that most, if not all, of the appellant's assignments of error may be resolved by the *Far Away Farm* case then pending in this Court. Thereafter, the Circuit Court entered an order granting the Rule 54(b) motion of Jefferson Orchards, Inc., which facilitated an appeal to this Court. *See,* n. 1, *supra.*

## II.

## The Appeal and Remand to Circuit Court

In the original petition for appeal filed in this Court, Jefferson Orchards, Inc., alleged, *inter alia,* that, in view of the passing LESA

---

**3.** This Court upheld the adoption of the April 8, 2005, amended Ordinance in *Jefferson County Citizens for Economic Preservation v. Jefferson County Commission,* 224 W.Va. 365, 686 S.E.2d 16 (2009).

score and the compatibility of the project with the surrounding residential developments, the Board of Zoning Appeals committed error in modifying and restricting the conditional use permit on the basis of density.

On April 17, 2008, this Court filed the opinion in *Far Away Farm*, holding that the 2005 amended Ordinance has no retroactive application and that, consequently, the Jefferson County Board of Zoning Appeals had no authority to decide upon the 2004 application of Far Away Farm, LLC, for a conditional use permit. Reversing, therefore, the ruling of the Circuit Court of Jefferson County which upheld the denial of the CUP, this Court, in *Far Away Farm*, referred the case to the Jefferson County Planning and Zoning Commission with directions to issue the permit.

In the current matter, this Court entered an order on June 11, 2008, granting the appeal of Jefferson Orchards, Inc., and remanding the case to the Circuit Court for reconsideration in light of the *Far Away Farm* opinion. The *Far Away Farm* opinion will be discussed below.

On August 20, 2008, the Circuit Court entered an order granting certiorari review on all issues in the original petition filed in the Circuit Court by Jefferson Orchards, Inc. The Court stated that, based on *Far Away Farm*, the Board of Zoning Appeals had no jurisdiction in this case and that the Board's decision was, thus, "void as a matter of law." Moreover, the Circuit Court determined that it could decide the merits of the case, rather than remand the matter to the Planning and Zoning Commission. As stated in the Order:

> The West Virginia Supreme Court, in the *Far Away Farm* case, then analyzed the record, which included the hearings from the BZA. Although it recognized that "other than the LESA scoring requirements, there was no specific substantive criterion governing the decision to deny or issue the permit," the Court does not agree with Petitioner's interpretation that only a successful LESA score and a compatibility hearing are necessary to mandate the issuance of a CUP. * * *

If the Supreme Court simply required that the Planning Commission issue the CUP that Petitioner requested, it could have remanded this case directly to the Planning Commission directing it issue the CUP as it did in the *Far Away Farm* case. But, it did not. This Court could remand this case to the Planning Commission as the Respondents and Intervenors suggest; however, the Court is well aware that the CUP process has been torturous in this case. Moreover, the Zoning Administrator issued a LESA score, all hearings have been held, and the record has been certified. The Court has a record from which it can make a decision on the merits of the Petition for Certiorari.

In the final order of December 30, 2008, the Circuit Court, upon the certiorari petition, the briefs of counsel and the record before it, granted the application of Jefferson Orchards, Inc., for a conditional use permit but limited the project, as did the Board of Zoning Appeals, "to one lot per 3.76 acres." Acknowledging that the Ordinance as it existed prior to 2005 is determinative of the appellant's CUP application, the Circuit Court, nevertheless, rejected the appellant's assertion that only a passing LESA score and a successful Compatibility Assessment Meeting are necessary under the Ordinance for the issuance of a permit. Moreover, the December 30, 2008, order noted that the CUP process is intended to provide a land developer an opportunity to seek permission to increase the density beyond that which is normally allowed in a rural zoned district. In that regard, the Court concluded: "Thus, the Court cannot agree with Petitioner that density is irrelevant or that the applicable zoning agency cannot compare the proposed development's density to its neighborhood's density when determining compatibility."

In September 2009, this Court granted the appeal of Jefferson Orchards, Inc., from the December 30, 2008, order.

### III.

### Standard of Review

 Pursuant to W.Va. Const. art. VIII, § 6, circuit courts shall have original and

general jurisdiction of proceedings in certiorari and such other jurisdiction as may be prescribed by law. *See, W.Va.Code*, 53–3–1 (1923), *et seq.* (confirming circuit court jurisdiction in certiorari proceedings).[4] With regard to circuit court jurisdiction in certiorari as a reviewing tribunal, syllabus point 3 of *Harrison v. Ginsberg,* 169 W.Va. 162, 286 S.E.2d 276 (1982), holds: "On certiorari, the circuit court is required to make an independent review of both law and fact in order to render judgment as law and justice may require." Syl. pt. 2, *Wysong ex rel. Ramsey v. Walker,* 224 W.Va. 437, 686 S.E.2d 219 (2009). *See,* syl. pt. 5, *Humphreys, Adm. v. Monroe County Court,* 90 W.Va. 315, 110 S.E. 701 (1922) (indicating that, upon certiorari from the action of a county court, the circuit court has jurisdiction to hear and determine the matter in controversy, "upon the record made in the county court," and enter such judgment as the county court should have entered.). In *State ex rel. Kanawha County Prosecuting Attorney v. Bayer Corporation,* 223 W.Va. 146, 672 S.E.2d 282 (2008), we observed, and we now hold: "This Court applies an abuse of discretion standard in reviewing a circuit court's certiorari judgment."

In the context of land use planning and zoning, circuit court jurisdiction in certiorari to review the decisions and orders of various local entities is described in *W.Va.Code,* 8A–9–1 (2004), *et seq.* Relevant to the circumstances herein is *W.Va.Code,* 8A–9–6 (2004), which states:

(a) The Court or judge may consider and determine the sufficiency of the allegations of illegality contained in the petition without further pleadings and may make a determination and render a judgment with reference to the legality of the decision or order of the planning commission, board of subdivision and land development appeals, or board of zoning appeals on the facts set

out in the petition and return to the writ of certiorari.

(b) If it appears to the court or judge that testimony is necessary for the proper disposition of the matter, the court or judge may take evidence to supplement the evidence and facts disclosed by the petition and return to the writ of certiorari, but no such review shall be by trial de novo.

(c) In passing upon the legality of the decision or order of the planning commission, board of subdivision and land development appeals, or board of zoning appeals, the court or judge may reverse, affirm or modify, in whole or in part, the decision or order.

*See, Maplewood Estates Homeowners Assoc. v. Putnam County Planning Commission,* 218 W.Va. 719, 629 S.E.2d 778 (2006) (applying an abuse of discretion standard in the context of *W.Va.Code,* 8A–9–6 (2004)); *Jefferson Utilities, Inc. v. Jefferson County Board of Zoning Appeals,* 218 W.Va. 436, 448, 624 S.E.2d 873, 885 (2005) (A circuit court's review of a zoning matter shall not be by trial *de novo.*).

In syllabus point 5 of *Wolfe v. Forbes,* 159 W.Va. 34, 217 S.E.2d 899 (1975), this Court held: "While on appeal there is a presumption that a board of zoning appeals acted correctly, a reviewing court should reverse the administrative decision where the board has applied an erroneous principle of law, was plainly wrong in its factual findings, or has acted beyond its jurisdiction." Syl. pt. 1, *Jefferson Utilities, Inc., supra;* syl. pt. 1, *Corliss v. Jefferson County Board of Zoning Appeals,* 214 W.Va. 535, 591 S.E.2d 93 (2003).

## IV.

### Discussion

The appellant, Jefferson Orchards, Inc., contends that the conditional use permit, as

---

4. It is worth noting that former West Virginia Rule of Civil Procedure 81(a)(5) provided that the Rules of Civil Procedure did not apply to proceedings under extraordinary writs, including the writ of certiorari. Rule 81(a)(5), however, was abrogated, and, in 1998, Rule 71B was adopted, section (a) of which states that the West Virginia Rules of Civil Procedure "govern the

procedure for the application for, and issuance of, extraordinary writs." F.D. Cleckley, R.J. Davis and L.J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* 3rd ed. § 71B (Juris Pub. 2008) ("As a result of Rule 71B(a), all extraordinary writ proceedings initiated in circuit courts are subject to the procedural demands of the rules of civil procedure.")

modified and restricted by the Board of Zoning Appeals and the Circuit Court, renders the proposed subdivision economically unfeasible, particularly since the cost of the infrastructure would now be prohibitive. Specifically, Jefferson Orchards, Inc., asserts that the Circuit Court erroneously applied a deferential standard of review to the findings and conclusions of the Board of Zoning Appeals after *Far Away Farm* indicated that the Board had no authority *ab initio* to consider CUP applications filed prior to the 2005 amended Ordinance. In addition, the appellant asserts that the Ordinance, applicable in this case, contains no mandate to evaluate the density of a proposed development and compare it to its surrounding neighborhood. In that regard, Jefferson Orchards, Inc., insists that the proposed subdivision, as originally planned, is completely compatible with the existing Quail Ridge and Chapel View subdivisions and that there was no rational basis for imposing "3.76 acres per unit" with regard to Jefferson Orchards, Inc., when no such restriction was imposed on either Quail Ridge or Chapel View. Accordingly, Jefferson Orchards, Inc., contends that, having met all the requirements, which include a passing LESA score and a successful Compatibility Assessment Meeting, it is entitled to a CUP for Paynes Ford Station, as originally designed and presented, as a matter of law.

On the other hand, the appellees, the Board of Zoning Appeals, *et al.*, maintain that density, in the context of an application for a conditional use permit, has always been a factor to be considered under the Development Review System of the Ordinance. Moreover, the appellees assert that, in this case, the Circuit Court conducted the same independent review of the record as to Jefferson Orchards, Inc., that this Court conducted in *Far Away Farm.* Finally, the appellees emphasize that Jefferson Orchards, Inc., was granted a CUP that, in fact, *increased* the density from 1 lot per 10 acres, as specified in Section 5.7(d) of the Ordinance, to 1 lot per 3.76 acres, which constitutes an increase in density that also maintains the essential character of the rural-agricultural zoned district.

With regard to its authority to adjudicate this matter following the June 2008 remand, the Circuit Court commented as follows in the final order of December 30, 2008:

[T]he BZA's decision in this case regarding petitioner's application is void as a matter of law. Even so, the Court may review the BZA's record and make a decision regarding petitioner's CUP because of the Supreme Court of Appeals' precedent in *Far Away Farm*—it made a decision regarding the CUP in that case based upon the BZA's record. * * * Consequently, the Court may make a decision regarding the CUP. Furthermore, under the precedent of *Far Away Farm,* if this Court determines that a CUP should issue, then this Court must direct the Planning Commission, and not the BZA, to issue it, because, under the applicable law, the Planning Commission is the appropriate agency to issue CUPs.

■ As reflected in the December 30, 2008, order, the Circuit Court rejected the assertion of Jefferson Orchards, Inc., that only a successful LESA score and a Compatibility Assessment Meeting are necessary to mandate the issuance of a conditional use permit. As the Circuit Court observed, each proposal will have different issues to be resolved, and a passing LESA score, for example, does not, of itself, render a project compatible with the surrounding area.

With regard to the issue of density, the Circuit Court noted the general purpose, expressed in Section 5.7 of the Ordinance, to preserve the rural character and agricultural aspects of a rural-agricultural zoned district. The introductory paragraph of Section 5.7 of the prior Ordinance states in its entirety:

The purpose of this district is to provide a location for low density single family residential development in conjunction with providing continued farming activities. This district is generally not intended to be served with public water or sewer facilities, although in situations where the Development Review System is utilized, it may be. A primary function of the low density residential development permitted within this section is to preserve the rural character of the County and the agricultur-

al community. All lots subdivided in the Rural District are subject to Section 5.7d Maximum Number of Lots Allowed. The Development Review System does allow for higher density [if] a Conditional Use Permit is issued.

■ In *Far Away Farm*, this Court reversed the Circuit Court and directed the issuance of a conditional use permit to Far Away Farm, LLC, so that it could proceed with its subdivision in a rural district. In the matter to be determined, this Court remanded the case for reconsideration of the conditional use permit. The scope and reach of the CUP to which Jefferson Orchards, Inc., is entitled was a matter of controversy. Nevertheless, as indicated above, the Circuit Court had before it a record which included: (1) the proceedings before the Planning and Zoning Commission Staff resulting in the LESA score, (2) the Compatibility Assessment Meeting, (3) the public hearing conducted by the Board of Zoning Appeals, (4) the certiorari petition and (5) the briefs of counsel filed in Circuit Court. Thus, the Circuit Court's August 20, 2008, order stated with justification that the Court had before it a record from which it could decide the merits of the case.

In *Far Away Farm*, this Court analyzed the record of a public hearing conducted on July 26, 2005, by the Board of Zoning Appeals, even though we held in *Far Away Farm* that the Board lacked authority in that case to decide upon the CUP application. Following the analysis, this Court concluded that Far Away Farm, LLC, was entitled to the conditional use permit as a matter of law. As the opinion concluded: "A public hearing was held on July 26, 2005, to deal with the unresolved issues from the compatibility assessment meeting. * * * FAF [Far Away Farm] addressed all the unresolved issues at the public hearing, and its evidence was unrefuted." 222 W.Va. at 260, 664 S.E.2d at 145.

In this case, the Board of Zoning Appeals conducted a public hearing on August 10, 2006, and the evidence was in sharp conflict concerning the average density in the vicinity of Jefferson Orchards' proposed residential subdivision. Although the parties continue to debate the appropriate size and location of parcels to be included in the calculation, expert witness Mark Dyck admitted that if the large parcels, which consisted of lots over 10 acres were included in the calculation, then the average lot size in the area is 3.76 acres. The Board of Zoning Appeals and the Circuit Court relied on the 3.76 acre calculation in modifying and restricting the CUP issued to Jefferson Orchards, Inc.

■ In the final order of December 30, 2008, the Circuit Court incorrectly set forth a "plainly wrong" standard as a basis upon which to consider the findings of the Board. That error, however, is not dispositive because, as pointed out by the appellees, the Circuit Court also "reviewed the evidence in much the same manner as the Supreme Court reviewed the evidence presented in the *Far Away Farm* case." As the December 30, 2008, order stated: "[t]he BZA's decision in this case regarding petitioner's application is void as a matter of law. Even so, the Court may review the BZA's record and make a decision regarding petitioner's CUP because of the Supreme Court of Appeals' precedent in *Far Away Farm* [.]" Discussing the 3.76 calculation, the order observed that density is a fair consideration under the Development Review System of the Jefferson County Ordinance. In the observation of this Court, nothing in the Ordinance mandates that Jefferson Orchards, Inc., is entitled to a CUP that mirrors the permits issued to Quail Ridge and Chapel View.

■ Syllabus points 3 and 4 of *State ex rel. Frazier & Oxley v. Cummings*, 214 W.Va. 802, 591 S.E.2d 728 (2003), hold:

3. Upon remand of a case for further proceedings after a decision by this Court, the circuit court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.

4. A circuit court's interpretation of a mandate of this Court and whether the circuit court complied with such mandate are questions of law that are reviewed *de novo*.

Syl. pts. 1, 2, *Zaleski v. West Virginia Mutual Insurance Co.*, 224 W.Va. 544, 687 S.E.2d 123 (2009); syl. pts. 2, 4, *Bass v. Rose*, 216 W.Va. 587, 609 S.E.2d 848 (2004).

In the matter now contested, this Court concludes that the Circuit Court upon the complete record before it, which included proceedings in Jefferson County before both the Planning and Zoning Commission Staff and the Board of Zoning Appeals, complied with this Court's mandate to reconsider the case in light of the *Far Away Farm* opinion. The Circuit Court also complied with the requirements of *W.Va.Code*, 8A-9-1 (2004), *et seq.*, concerning certiorari. The resulting order of December 30, 2008, should not be disturbed.[5]

### V.

### Conclusion

It follows from what has been said that, having complied with the mandate to reconsider, the subsequent ruling confirming the conditional use permit, as issued to the appellant, Jefferson Orchards, Inc., was within the discretion of the Circuit Court of Jefferson County. Consequently, we affirm the final order entered by the Circuit Court on December 30, 2008.

Affirmed

---

**5.** This Court is further of the opinion that Jefferson Orchards' challenge to the 100 foot buffer, required under the CUP, is without merit.