# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael F. Witteried, Mary T. Witteried,
and Joshua Witteried, Petitioners Below,
Petitioners**

**FILED**

January 30, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

**vs)   No. 14-0520** (Jefferson County 14-AA-1)

**International Residential Code Board of Appeals
of the City of Charles Town, a West Virginia
Municipal Corporation, Respondent Below,
Respondent**

## MEMORANDUM DECISION

Petitioners Michael F. Witteried, Mary T. Witteried, and Joshua Witteried, appearing *pro se*, appeal the order of the Circuit Court of Jefferson County, entered April 28, 2014, that dismissed their petition for writ of certiorari and affirmed the decision of Respondent International Residential Code Board of Appeals of the City of Charles Town, a West Virginia Municipal Corporation ("the Board"), finding that petitioners' building permit had expired. The Board, by counsel Braun A. Hamstead, filed a response, and petitioners filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 27, 2004, petitioners were granted a building permit to construct a two-story residential dwelling on tax lot number 4-117 on South Charles Street in Charles Town, West Virginia.[1] The permit informed petitioners that the permit would expire if (a) work was not commenced within six months of its issuance or (b) work was suspended or abandoned for a period of six months at any time after commencement of construction. It is undisputed that work commenced within six months of the permit.

However, on July 9, 2013, the City of Charles Town ("the City") informed petitioners by letter that the permit had expired because no inspection of completed work had been conducted since November 3, 2004. According to the City's inspection record, the permit required the following inspections of petitioner's dwelling: (1) footer; (2) foundation; (3) slab; (4) "rough-in"

---

[1] In 2006, an amended permit was issued to approve additional rooms in the dwelling.

1

including drain/waste/vent, water supply, service, wire, and frame; (5) insulation; (6) drywall; and (7) final inspection with "final electrical sticker." The inspection record confirmed that the footer for the dwelling had been inspected.[2] However, no other inspection had been recorded.

When petitioners appealed the expiration of their permit to the board, they asserted that at least the first three inspections (footer/foundation/slab) had occurred with the last such inspection taking place in or around 2009. Petitioners further contended that work on the dwelling had never been suspended or abandoned for a period of six months because a summary they prepared of their expenses showed that they had expended a total of $277,934 in building materials and a total of $447,368 in labor.[3] However, at the November 13, 2013, board hearing, petitioners conceded that, after nine years, the dwelling was no more than between 60% and 65% complete based on Petitioner Joshua Witteried's testimony that, *inter alia*, (a) the walls still needed to be closed up; (b) the majority of the plumbing still needed to be installed; and (c) the final electrical inspection still needed to be done. At the end of the hearing, the board informed petitioners that their appeal was denied. Petitioner Michael F. Witteried then asked the City's code official, Scott Coyle,[4] when he could apply for a new permit to finish the dwelling. Mr. Coyle indicated that he was amenable to a meeting for that purpose.

In its December 11, 2013 order, the board found that petitioners' building permit for the dwelling on tax lot number 4-117 had expired, finding, in pertinent part, as follows:

> Clearly, the view of [Mr. Coyle] is that when a permit holder fails to timely call for an inspection, the Code Official is entitled to conclude that the work has not been continuous, and therefore, the Code Official may conclude that the subject permit had expired. The Board finds that this interpretation of [the 2009 International Residential Code for One and Two Family Dwellings[5]] is one that is generally accepted in the industry and amongst builders and code officials alike. It is an interpretation that the Board finds consistent with the spirit and intent of the ordinance. However, the case now before the Board does not require the Board to make a "close call." Factually involved in this case is not a matter of a few days, weeks, or months. It has been nine (9) years since the permit was issued for the subject house. It cannot be properly said that one may apply for a permit, but then wait more than nine (9) years to complete the project, after numerous code amendments and upgrades in the applicable building standards have been enacted,

---

[2] If the date of the footer inspection is on the inspection record, it is not legible. However, the inspector's initials appear in the appropriate space.

[3] Both Petitioner Michael F. Witteried and Petitioner Joshua Witteried testified that Joshua Witteried provided most of the labor on the dwelling's construction.

[4] Mr. Coyle provided testimony at the November 13, 2013 board hearing, in response to petitioners' questions.

[5] *See* Discussion, *infra.*

2

and claim that his or her project is grandfathered against all new standards. . . .

> While [petitioners] claim that work has been "continuous," they also acknowledge that, after nine (9) years, still the structure is only about 60% to 65% complete. . . .

On January 10, 2014, petitioners appealed the board's December 11, 2013 order, to the circuit court by filing a petition for writ of certiorari. The circuit court held a hearing on the petition on March 18, 2014. At that hearing, the circuit court confirmed that it was petitioners' position that (1) "once issued, a building permit is valid forever until the project is complete"; and (2) "any amount of work being done for any period of time that would break a six-month continuous period of non-work would be sufficient to keep [the permit] active and alive." The circuit court then confirmed that the City's inspection record for the construction of the dwelling required seven inspections and that, according to petitioners, three inspections had been completed in approximately a decade. Based on the pace petitioners were working on the project, the circuit court asked Petitioner Michael F. Witteried if, for example, petitioners "anticipat[ed] a 25 year period for construction." Petitioner Michael F. Witteried responded that "I don't know the answer to how long."

On April 28, 2014, the circuit court dismissed the petition for writ of certiorari and affirmed the Board's decision that petitioners' building permit had expired. In its order, the circuit court first determined that a writ of certiorari constituted the proper method for reviewing a decision of the Board because, given that the Board is a local body rather than a state agency, the West Virginia Administrative Procedures Act did not apply. The circuit court found that the standard of review was found in the 2009 edition of the International Residential Code for One and Two Family Dwellings ("the Code"), which has been adopted in West Virginia by 87 W.Va. C.S.R. § 4-4.1.h. Pursuant to § R112.2 of the Code, "[a]n application for appeal shall be based on a claim that the true intent of this code or the rules legally adopted thereunder have been incorrectly interpreted, the provisions of this code do not fully apply, or an equally good or better form of construction is proposed."[6] Finally, § R105.5 provides, in pertinent part, that "[e]very permit issued shall become invalid unless the work authorized by such permit is commenced within 180 days after its issuance, or if the work authorized by such permit is suspended or abandoned for a period of 180 days after the time the work is commenced." (Emphasis omitted.)

The circuit court determined that petitioners' interpretation of § R105.5 would lead to an absurd result, i.e., that "a permit holder could hit a single nail once every 180 days and still make enough progress so as to pass muster" and not have their permit become invalid. The circuit court found that, by contrast, the board provided the better interpretation of § R105.5, which was "when a permit holder fails to timely call for an inspection, the Code Official is entitled to conclude that the work has not been continuous, and therefore, the Code Official may conclude that the subject

---

[6] At the November 13, 2013 hearing, the board indicated that the 2003 version of the Code was in effect at the time petitioners were issued their permit in 2004. However, having reviewed both the 2003 and 2009 versions of the Code, even if there was a dispute over which version applies in this case, we find that the applicable standard of review would be the same.

permit had expired."

Petitioners now appeal the circuit court's April 28, 2014 order dismissing the petition for writ of certiorari and affirming the Board's decision that petitioners' building permit had expired. "This Court applies an abuse of discretion standard in reviewing a circuit court's certiorari judgment." Syl. Pt. 2, *Jefferson Orchards v. Zoning Bd. of Appeals*, 225 W.Va. 416, 417, 693 S.E.2d 781, 782 (2010). On the other hand, "[i]nterpreting . . . an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. Pt. 1, *Appalachian Power Co. v. State Tax Dept. of West Virginia*, 195 W.Va. 573, 578, 466 S.E.2d 424, 429 (1995). Even when empowered to conduct a de novo review, a court examining a regulatory interpretation must give "appropriate deference to agency expertise and discretion." *Id.*, 195 W.Va. at 582, 466 S.E.2d at 433. Finally, a well-established canon of statutory construction counsels against an interpretation that leads to an irrational or absurd result. *See Charter Comm'n VI, PLLC v. Cmty. Antenna Serv., Inc.,* 211 W.Va. 71, 77, 561 S.E.2d 793, 799 (2002).

On appeal, petitioners interpret § R105.5 of the Code, which is titled "expiration," very narrowly such that, in their view, (1) once issued, a building permit remains valid forever regardless of circumstances; and (2) any amount of work being done even for a very short period of time is sufficient to keep the permit active. The Board counters—and the circuit court so found—that petitioner's interpretation would lead to an absurd result. We find that the facts of the instant case demonstrate the absurdity of petitioners' interpretation in that, according to petitioners, they have expended almost $750,000 in materials and labor over nearly a decade to have fewer than half of the seven required inspections done on their still unfinished dwelling. Even taking petitioner's factual assertions at face value, the last inspection petitioners say was conducted on the dwelling occurred approximately five years prior to the March 18, 2014 hearing before the circuit court. These facts, combined with the deference we owe to the Board's expertise, lead us to find merit in the Board's interpretation that, when a permit holder fails to timely call for an inspection, the City's code official is entitled to find that the work has not been continuous, and, therefore, may reasonably conclude that the subject permit has expired. Having found the Board's interpretation of § R105.5 proper, we determine that the circuit court did not abuse its discretion in dismissing the petition for a writ of certiorari and affirming the Board's decision that petitioners' building permit had expired.[7]

For the foregoing reasons, we affirm.

Affirmed.

---

[7] The dwelling in question is not intended to be the primary residence for any of the petitioners. Petitioner Joshua Witteried lives in Virginia. Petitioner Michael F. Witteried informed the circuit court at the March 18, 2014 hearing, that the first floor of the dwelling housed his collection of classic automobiles and that the second floor was intended to be a rental property. Furthermore, the transcript of the November 13, 2013 board hearing, reflects that the City is amenable to having petitioners apply for a new permit so that they can finish the dwelling. The record reflects that, so far, petitioners have refused to apply for a new permit.

**ISSUED:** January 30, 2015

**CONCURRED IN BY:**

**Chief Justice Margaret L. Workman**
**Justice Robin Jean Davis**
**Justice Brent D. Benjamin**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry**