# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**E.R.,**
**Plaintiff Below, Petitioner**

**vs) No. 16-0836** (Jefferson County 16-C-163)

**Jefferson County Board of**
**Education,**
**Defendant Below, Respondent**

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner E.R.,[1] by counsel Sherman L. Lambert, Sr., appeals the Circuit Court of Jefferson County's August 18, 2016, "Order Denying Petition for Writ of Certiorari and Upholding Expulsion Decision" following a decision by the Jefferson County Board of Education that he possessed a handgun on school property in violation of the "Safe Schools Act," resulting in his expulsion from school for a period of twelve months. Respondent Jefferson County Board of Education ("the Board"), by counsel Tracey B. Eberling, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 6, 2016, E.R., a minor, was a student at Jefferson County High School. During class, E.R.'s teacher detected the faint smell of smoke and suspected that someone in the class was using a vape device (electronic cigarette). The teacher asked that the user come forward but no one did. Consequently, she announced that there would be a search of the students' book bags for the purpose of locating the vape device. It was at that time that E.R. was observed by the teacher and five other students walking with his book bag from one side of the room to the other, stopping in between two female students, and placing something into one of the female student's

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initial where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

bags. E.R. then returned to his seat. The teacher asked the female student to bring to her the item that E.R. placed in her bag. Instead of bringing just the item, the student showed the teacher her bag, which contained a .38 caliber six shot revolver. The gun was not loaded and no ammunition was found. The female student denied that the gun belonged to her. E.R. claimed that he was looking for his "lotion" in the female student's bag.

The female student and E.R. were escorted to the school office. When the parents of both students were contacted, they advised administrators that they wished to be present when their respective children were interviewed. Law enforcement was also called.

The school principal and another administrator first met with the female student, her mother, and Sgt. Sell of the Jefferson County Sheriff's Department. The female student recounted that she observed E.R. place something in her bag and that when she looked in her bag, she saw the gun. According to the student, she held her bag open for students sitting near her to see.

When E.R.'s father arrived at the school and initially met with school administrators, he advised that E.R. would not make any statement without his attorney present. Later that same day, school administrators and Sgt. Sell met with E.R., E.R.'s father, E.R.'s attorney, and (by telephone) the attorney for the Board. E.R., through his attorney, denied responsibility for the gun. Meanwhile, school administrators and Sgt. Sell interviewed and collected written statements from student witnesses, all of whom consistently reported that E.R. was observed placing something in the female student's bag[2] and that a handgun was thereafter seen in the bag by other students.[3]

At the conclusion of the meeting, E.R., E.R.'s father, and E.R.'s attorney were advised that E.R. would be suspended for ten days pending a recommendation of expulsion.[4] Written

---

[2] At least one of the student witnesses indicated in her written statement that she observed E.R. crouch down next to the female student, pull her bag towards him, open it, and appear to put something into it.

[3] As for the vape device, it was ultimately found in the possession of another student. According to Sgt. Sell, the vape device belonged to E.R., who gave it to the other student when it was announced that the students' book bags were to be searched.

[4] The "Safe Schools Act," West Virginia Code § 18A-5-1a(a), provides, in relevant part, as follows:

(a) A principal shall suspend a student from school . . . if the student, in the determination of the principal after an informal hearing pursuant to subsection (d) of this section, has: . . . (ii) *violated the provisions of [ § 61-7-11a(b)] . . .* on the premises of an educational facility, at a school-sponsored function or on a school bus. If a student has been suspended pursuant to this subsection, the principal shall, within twenty-four hours, request that the county

(continued . . . )

notice of the same was provided to E.R.'s father. It was thereafter agreed that the timelines within which to hold E.R.'s expulsion hearing would be extended so that the matter could be thoroughly investigated.[5]

superintendent recommend to the county board that the student be expelled. Upon such a request by a principal, the county superintendent shall recommend to the county board that the student be expelled. Upon such recommendation, the county board shall conduct a hearing in accordance with subsections (e), (f) and (g) of this section to determine if the student committed the alleged violation. If the county board finds that the student did commit the alleged violation, the county board shall expel the student.

(Emphasis added).

West Virginia Code § 61-7-11a(b)(1) provides, in relevant part:

It is unlawful for a person to possess a firearm or other deadly weapon . . . in or on a public primary or secondary education building, structure, facility or grounds. . . .

Additionally, 126 CSR § 99 provides, in pertinent part:

Level 4: Safe Schools Act Behaviors—are consistent with those addressed in West Virginia Code § 18A-5-1a(a) and (b). The following Level 4 behaviors are aligned with West Virginia Code §§ 61-6-17, 61-6-24, and 18A-5-1, and in the Gun-Free Schools Act of 1994. These laws require that the principal, superintendent and county board address Level 4 behaviors in a specific manner as outlined in West Virginia Code § 18A-5-1a and paraphrased in Chapter 3, Sections 4 and 5 of this manual.

. . . .

Possession and/or Use of Dangerous Weapons[:]

According to West Virginia Code § 18A-5-1a(a), a student will not possess a firearm or deadly weapon as defined in West Virginia Code § 61-7-2, on any school bus, on school property or at any school-sponsored function as defined in West Virginia Code § 61-7-11a.

As defined in West Virginia Code § 61-7-2, "[d]angerous weapons include . . . revolver."

[5] According to E.R., at some point, the State filed a petition requesting that he be adjudicated a juvenile delinquent, pursuant to West Virginia Code §§ 49-5-2 and -7. E.R. states that the petition is still pending.

By letter of May 20, 2016, Bondy Shay Gibson, Superintendent of Jefferson County Schools, advised E.R.'s attorney that the allegation that E.R. possessed a handgun on school property is a Level 4 violation of state and local policies on Expected Behavior in Safe and Supportive Schools. She advised further that, at the Board's June 13, 2016, regular meeting, she would be recommending that E.R. be expelled for up to twelve consecutive months.[6] *See* W.Va. Code § 18A-5-1a(i), in relevant part (stating that "if a student is determined to have violated the provisions of subsection (a) of this section the student shall be expelled for a period of not less than twelve consecutive months . . . .").

In a subsequent "Notice of Student Discipline Hearing" dated June 3, 2016, Superintendent Gibson advised E.R.'s father of the June 13, 2016, Board meeting and further advised him that E.R. was charged with violating West Virginia Code § 18A-5-1a(a) and § 61-7-11a(b)(1) for being in possession of a deadly weapon (handgun) on school property. The letter also advised that Superintendent Gibson recommended that E.R. be expelled for 365 days and further advised that E.R. may be represented by counsel and may call witnesses.

At the June 13, 2016, Board meeting, the Board conducted a hearing on the Superintendent's recommendation that E.R. be expelled. E.R. and his parents were present at the hearing and E.R. was represented by counsel. The hearing transcript reveals that the Board proffered the evidence supporting the recommendation of expulsion (i.e., witness statements, investigation summaries, and E.R.'s school records) and that the Board provided this evidence to counsel for E.R. in advance of the hearing. The evidence included the above-referenced written statements of the student witnesses, and statements by the teacher in whose classroom the events herein transpired and the administrators who were present and involved on that day. The principal and Sgt. Sell were also present at the hearing to answer the questions of the Board and E.R.'s counsel.

Counsel for E.R. called Sgt. Sell as a witness, who testified that there was no physical evidence directly linking E.R. to the handgun.[7] On cross-examination, Sgt. Sell testified that, based upon the circumstantial evidence described above, he concluded that E.R. was in possession of a handgun on school property. E.R. did not testify and did not call any other witnesses. Immediately following the hearing, the Board approved the recommended expulsion of E.R. by a vote of three to two.

On July 6, 2016, E.R. and his parents filed a complaint in the Circuit Court of Jefferson County against the Board and its members seeking a preliminary injunction, a permanent injunction, and a temporary restraining order to preclude the Board and its members from

---

[6] Superintendent Gibson also advised that E.R.'s education placement as of May 23, 2016, through the end of the school year, would be at the Martin Robinson Delaney Opportunity Learning Center.

[7] Sgt. Sell testified that law enforcement was unable to determine who the handgun was registered to.

4

expelling E.R. from school. On July 15, 2016, the Board and its members filed a motion to dismiss. E.R. and his parents filed a response to the motion. A hearing on the motion was conducted on July 25, 2015. The circuit court thereafter concluded that the attempt to challenge the Board's "expulsion decision solely through injunctive relief is an improper collateral attack in light of the availability of an adequate remedy at law." The court determined that it would treat the request for equitable relief as a timely appeal of the Board's decision to expel E.R. and directed E.R. and his parents "to submit a reformed pleading setting forth the basis on which they seek appellate review . . . ."

E.R. and his parents thereafter filed an amended complaint for writ of certiorari to appeal the Board's decision to expel E.R. The Board filed a reply and oral argument was conducted on August 11, 2016. The petition for writ of certiorari was denied by order entered August 18, 2016. This appeal followed.

This Court reviews a circuit court's order denying a petition for writ of certiorari under an abuse of discretion standard. *See* Syl. Pt. 2, *Jefferson Orchards, Inc. v. Zoning Bd. of Appeals,* 225 W. Va. 416, 693 S.E.2d 781 (2010) (holding that "[t]his Court applies an abuse of discretion standard in reviewing a circuit court's certiorari judgment.").

As a threshold matter, we note that, according to the record before us, E.R.'s expulsion was scheduled to end effective May 6, 2017, before this Court had the opportunity to decide this appeal.[8] Though technically moot, we nonetheless proceed to decide the issue before us. *See* Syl. Pt. 1, in part, *Israel v. W.Va. Secondary Sch. Activities Comm'n*, 182 W. Va. 454, 388 S.E.2d 480 (1989) (holding that, in deciding whether to address technically moot issues, courts should consider "whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief;" "questions of great public interest may . . . be addressed for the future guidance of the bar and of the public;" and "issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided."); *see also J.M. v. Webster Cty. Bd. of Educ.*, 207 W. Va. 496, 501, 534 S.E.2d 50, 55 (2000) (noting that a factor in favor of considering a technically moot question is the fact that "a statute that calls for one year expulsions, by its very nature, will continue to spawn controversies with limited life spans that end before the appellate process can run its course").

This Court has held that "[i]mplicit within the West Virginia constitutional guarantee of 'a thorough and efficient system of free schools' is the need for a safe and secure school environment. Without a safe and secure environment, a school is unable to fulfill its basic purpose of providing an education." Syl. Pt. 4, in part, *Phillip Leon M. v. Greenbrier Cty. Bd. of Educ.*, 199 W. Va. 400, 484 S.E.2d 909 (1996*) holding modified by Cathe A. v. Doddridge Cty. Bd. of Educ.,* 200 W. Va. 521, 490 S.E.2d 340 (1997)). On appeal, E.R. argues that the evidence was insufficient to prove, by a preponderance of the evidence, that he violated the Safe Schools

---

[8] E.R. did not file a motion to expedite the appeal.

Act by possessing a firearm on school property.[9] E.R. argues that the Board's decision to expel him for a period of twelve months was, therefore, arbitrary and capricious.[10]

Based upon our review of the record and the arguments of the parties, we find no error in the conclusion that the Board proved, by a preponderance of the evidence, that E.R. possessed a handgun on school property.[11] When E.R.'s teacher announced that she and another administrator would be searching book bags in order to find a vape device, E.R. immediately rose from his chair, walked across the classroom, and stopped in between the chairs of two female students. The teacher and five other students observed E.R. place something into the bag belonging to one of the female students. The female student then observed in her bag a handgun that did not belong to her and that she did not place there. E.R. was immediately suspended from school for ten days for violating the Safe Schools Act.

A hearing before the Board was subsequently conducted to determine if E.R. committed the alleged violation of the Safe Schools Act. *See* W.Va. Code § 18A-5-1a(a). It is clear that E.R. was given a meaningful opportunity to be heard and to present witnesses at the expulsion hearing. *See* W.Va. Code § 18A-5-1a(e) and (f). E.R.'s counsel examined Sgt. Sell, who recounted his investigation as previously described herein, but called no other witnesses and presented no additional evidence. E.R. did not testify. For its part, the Board proffered evidence that included the contemporaneously written statements of students, teachers, and administrators regarding their observations of E.R. in the classroom. The Board's counsel also cross-examined Sgt. Sell. Though the evidence was circumstantial, it was, nonetheless, sufficient to support the Board's finding that E.R. possessed a handgun on school property, in violation of the Safe Schools Act. Accordingly, we conclude that the circuit court did not abuse its discretion in affirming the Board's decision to expel E.R. for a period of twelve months.

For the foregoing reasons, we affirm.

Affirmed.

---

[9] *See* W.Va. Code § 18A-5-1a(j) ("In all hearings under this section, facts shall be found by a preponderance of the evidence.").

[10] In his brief, petitioner's assignments of error include the declaration that the Board's decision to expel him violated both his procedural and substantive due process rights. However, petitioner's brief focuses almost exclusively on the sufficiency of the evidence and does not include any substantive argument regarding how his due process rights were violated. "'Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing . . . are not considered on appeal.' *State v. Lilly,* 194 W. Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995)." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996). We, therefore, decline to address these assignments of error in this memorandum decision.

[11] E.R.'s suggestion that there was evidence that "other students were believed to have brought the firearm to school" has no bearing on whether E.R. had the handgun in his possession in the classroom that day.

**ISSUED:** June 16, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

7