IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

April 22, 2024

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SWN PRODUCTION COMPANY, LLC,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-405**     (Cir. Ct. Brooke Cnty. Case No. CC-05-2021-P-35)

**CITY OF WEIRTON BOARD OF ZONING APPEALS**
**and CITY OF WEIRTON,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner SWN Production Company, LLC, ("SWN") appeals the Circuit Court of Brooke County's August 16, 2023, "Order Affirming the Decision of the Weirton Board of Zoning Appeals." In that order, the circuit court affirmed the decision of the Weirton Board of Zoning Appeals, which had been presented to the circuit court through the filing of a petition for a writ of certiorari. Respondent City of Weirton Board of Zoning Appeals ("the Board") filed a response in support of the circuit court's order.[1] SWN filed a reply. After considering the parties' briefing on the issue, the record, and the applicable law, we find the appeal was improvidently docketed and this appeal must be dismissed.[2]

SWN initiated these proceedings in the Circuit Court of Brooke County on October 29, 2021, by filing a petition for writ of certiorari seeking review of the decision of the Board, which was docketed as CC-05-2021-P-35, and a civil complaint asserting that the City of Weirton's zoning ordinances related to oil and gas were preempted as a matter of law, which was docketed as CC-05-2021-C-71. On March 15, 2022, the Circuit Court entered an order consolidating these cases.

Although the circuit court consolidated the cases for certain purposes, it addressed the matters through separate orders. On August 23, 2022, the circuit court issued its "Order on Preemption," which resolved SWN's civil complaint concerning pre-emption. SWN then appealed the "Order on Preemption" to this Court.

---

[1] SWN is represented by Shawn N. Gallagher, Esq., and Kathleen Jones Goldman, Esq. The Board is represented by Ryan P. Simonton, Esq., and Margaret E. Lewis, Esq.

[2] The Court acknowledges that the briefing of the parties was helpful in rendering this decision.

On August 16, 2023, the circuit court issued its "Order Affirming the Decision of the Weirton Board of Zoning Appeals" regarding the petition for writ of certiorari seeking review of the decision of the Board, which is currently on appeal to this Court. In that order, the circuit court affirmed the Board and then ordered the writ of certiorari matter dismissed with prejudice from the circuit court's docket while the pre-emption matter would remain docketed pending appeal to this Court. On November 1, 2023, this Court issued a signed opinion resolving the pre-emption matter in *SWN Prod. Co. v. City of Weirton*, 249 W. Va. 372, __, 895 S.E.2d 227, 229 (Ct. App. 2023), wherein we reversed the circuit court and found that the West Virginia Horizontal Well Act pre-empts Weirton's ordinance regulating the location of oil and gas drilling sites.

On December 18, 2023, this Court issued an Amended Scheduling Order wherein, on its own motion, the Court directed the parties to brief the issue of "whether West Virginia Code § 51-11-4(d)(10) . . . prevents the Court from deciding the merits of this appeal of a Circuit Court order regarding a petition for a writ of certiorari."

"It is, of course, axiomatic that a court of limited appellate jurisdiction is obliged to examine its own power to hear a particular case." *James M.B. v. Carolyn M.*, 193 W. Va. 289, 292, 456 S.E.2d 16, 19 (1995). In its current form, West Virginia Code § 51-11-4(d)(10) (2022) provides that this Court does not have appellate jurisdiction over "[e]xtraordinary remedies, as provided in §53-1-1 *et seq.* of this code, and any appeal of a decision or order of another court regarding an extraordinary remedy." In amending the Rules of Appellate Procedure to implement this Court, the Supreme Court of Appeals clarified that this Court has no jurisdiction over "[e]xtraordinary remedies and the appeal of any extraordinary remedy, including in *habeas corpus*." W. Va. R. App. P. 1(b). The Supreme Court of Appeals of this State has stated that "[*c*]*ertiorari* is an extraordinary remedy[.]" Syl. Pt. 1, in part, *Poe v. Mach. Works,* 24 W. Va. 517 (1884).

In arguing that this Court has jurisdiction to hear its appeal of a writ of certiorari from circuit court, SWN relies on the language of West Virginia Code § 53-3-2 (1889), which provides:

> In every case, matter or proceeding, in which a certiorari might be issued as the law heretofore has been, and in every case, matter or proceeding before a county court, council of a city, town or village, justice or other inferior tribunal, the record or proceeding may, after a judgment or final order therein, or after any judgment or order therein abridging the freedom of a person, be removed by a writ of certiorari to the circuit court of the county in which such judgment was rendered, or order made; except in cases where authority is or may be given by law to the circuit court, or the judge thereof in vacation, to review such judgment or order on motion, or on appeal, writ of error or supersedeas, or in some manner other than upon certiorari; but no

2

certiorari shall be issued in civil cases before justices where the amount in controversy, exclusive of interest and costs, does not exceed $15.

SWN points specifically to the language that provides that certiorari may not be sought "in cases where authority is or may be given by law to the circuit court, or the judge thereof in vacation, to review such judgment or order on motion, or on appeal, writ of error or supersedeas, or in some manner other than upon certiorari." SWN argues that, in the Land Use Planning Act, West Virginia Code § 8A–1–1 to § 8A–12–21, the legislature provided a statutory avenue for appeal of a board of zoning appeals, governed by Article 9 of Chapter 8A, thereby removing such review from West Virginia Code § 53-3-2. SWN acknowledges that this appeal process must be initiated by filing a petition for a writ of certiorari under West Virginia Code § 8A-9-1 but argues that "such procedure is separate and distinct from the procedure for obtaining a writ of certiorari under the Extraordinary Remedies Act, which (by its own terms) is only available where there is no separate statutory remedy." Functionally, SWN argues that the petition for a writ of certiorari used to initiate an appeal under West Virginia Code § 8A-9-1 is distinct from the extraordinary remedy of a petition for a writ of certiorari described in West Virginia Code § 53-3-2.

However, SWN's argument is inconsistent with the text of West Virginia Code § 53-3-2, which provides that certiorari review is available "except in cases where authority is or may be given by law to the circuit court, or the judge thereof in vacation, to review such judgment or order on motion, or on appeal, writ of error or supersedeas, *or in some manner other than upon certiorari*." (Emphasis added). Therefore, SWN's argument that a statutory appeal process that is initiated by filing a petition for a writ of certiorari is distinct from the petition for a writ of certiorari available under West Virginia Code § 53-3-2 is inconsistent with the text of that section.[3]

SWN also argues that, because the Circuit Court of Brooke County consolidated the certiorari proceeding (CC-05-2021-P-35) with the civil preemption proceeding (CC-05-2021-C-71), and this Court has already exercised jurisdiction over an order in the preemption proceeding (22-ICA-83), the two cases are a single civil case over which the ICA has jurisdiction. SWN asserts that "it would be a peculiar waste of judicial economy for this Court to find no jurisdiction in this case, given the ICA's prior decision to hear an issue in the same case involving the same facts and underlying administrative appeal process," and argues that the Board should be estopped from arguing that this Court lacks

---

[3] Moreover, the Supreme Court of Appeals has not treated the certiorari review available under West Virginia Code § 8A-9-1 as distinct from the extraordinary remedy of certiorari available under West Virginia Code § 53-3-2. *See Jefferson Orchards, Inc. v. Jefferson Cnty. Zoning Bd. of Appeals*, 225 W. Va. 416, 420-21, 693 S.E.2d 781, 785-86 (2010). Our Supreme Court also characterized the writ of certiorari in that case as an extraordinary remedy. *See id.* 225 W. Va. at 421 n.4, 693 S.E.2d at 786 n.4.

jurisdiction in this appeal after it did not object to jurisdiction in 22-ICA-83. However, SWN offers no authority for the proposition that the circuit court, by consolidating an extraordinary remedy proceeding with a standard civil proceeding, can impart appellate jurisdiction over both proceedings to this Court. Accordingly, this Court finds that the circuit court did not extend the civil character of the declaratory judgment action of CC-05-2021-C-71—and therefore this Court's appellate jurisdiction—to the petition for certiorari matter simply because the two cases were consolidated for certain purposes.[4] Moreover, with respect to SWN's argument that the Board should be estopped from arguing that this Court lacks subject matter jurisdiction because they did not object to this Court deciding 22-ICA-83, the Supreme Court of Appeals has recognized that "[s]ubject matter jurisdiction cannot be conferred by consent or waiver[.]" *Hansbarger v. Cook*, 177 W. Va. 152, 157, 351 S.E.2d 65, 70 (1986) (citation omitted).[5] Therefore, this Court does not have subject matter jurisdiction over this matter because it is an appeal of an order of another court regarding an extraordinary remedy.

Accordingly, based on the foregoing, this appeal was improvidently docketed and this appeal is dismissed.

Dismissed.

---

[4] The Court notes that courts across the country have rejected the principle that subject matter jurisdiction may be implied through judicial economy concerns. *See, e.g.*, *Miller v. Est. of Self*, 113 S.W.3d 554, 558 (Tex. App. 2003); *Mattioni, Mattioni & Mattioni, Ltd. v. Ecological Shipping Corp.*, 484 F. Supp. 814, 817 (E.D. Pa. 1980); *Smith v. St. Luke's Hosp.*, 480 F. Supp. 58, 61 (D.S.D. 1979).

[5] Additionally, while being mindful of the Supreme Court of Appeals' statement that "[w]e do not believe that post-enactment legislative history is entitled to substantial consideration in construing a statute," *Appalachian Power Co. v. State Tax Dep't of W. Virginia*, 195 W. Va. 573, 587 n.16, 466 S.E.2d 424, 438 n.16 (1995), our view that this Court lacks jurisdiction over an appeal from an order stemming from a petition for a writ of certiorari conforms to recent legislation amending West Virginia Code §51-11-4(d)(10) to expressly exclude from this Court's jurisdiction review of "[j]udgments or final orders issued in proceedings where the relief sought is one or more of the following extraordinary remedies: writ of prohibition, writ of mandamus, writ of quo warranto, writ of certiorari, writ of habeas corpus, special receivers, arrests in civil cases, and personal safety orders." Enrl. Com. Sub. For S.B. 548 (2024 Regular Session, effective June 6, 2024). The bill's title states that the purpose of the bill is "clarifying the appellate jurisdiction of the Intermediate Court of Appeals." To the extent this legislation is viewed as a legislative clarification of West Virginia Code § 51-11-4, it supports our conclusion that this Court lacks jurisdiction in this case.

4

**ISSUED:**  April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear